W. S. MURPHY, ADMINISTRATOR, *v.* E. O. RED.

LIFE INSURANCE POLICY. *Assignment of for value. Assignee having no insurable interest in insured.*

The holder of a valid policy of insurance on his own life, payable to himself or his legal representatives, may assign the same for a valuable consideration, as he may any other chose in action, if there be nothing in the terms of the policy to prevent the assignment. And the assignee or purchaser of such policy, transferred according to its terms, is entitled to the proceeds of the same when due, notwithstanding he may have no insurable interest in the life insured.

APPEAL from the Circuit Court of Holmes County.

HON. C. H. CAMPBELL, Judge.

. W. L. Red took out a policy of insurance on his own life in the New York Life Insurance Company, payable to him or his legal representatives. After paying the premiums thereon for several years he assigned the policy, in writing, in conformity with its provisions, for value, to R. M. Murphy, who had no insurable interest in the life insured. Murphy paid the premiums on the policy until Red's death, when he collected the money due on the same. After this R. M. Murphy died, and W. S. Murphy was appointed administrator of his estate. Mrs. E. O. Red, the widow and sole heir and distributee of W. L. Red, deceased, brought this action against W. S. Murphy, administrator, to recover the amount collected by R. M. Murphy on the policy of insurance, claiming that the assignment to him by her husband was not valid. The judgment in the court below was in favor of the plaintiff, Mrs. Red. The defendant, W. S. Murphy, administrator, appealed.

*Calhoon & Green,* for the appellant.

It does not require an insurable interest in the assignee to support the assignment, even against the insurance company. *St. John* v. *Am. L. Ins. Co.,* 2 Duer 419; s. c., 13 N. Y. 31; 22 Barb. 9; 20 N. Y. 32; *Conn. Mut. L. Ins. Co.* v. *Schaeffer,* 94 U. S. 461; *Williams* v. *Carson,* 2 Tenn. Ch. Rep. 269; *Olmstead* v. *Keyes,* 85 N. Y. 593.

A person has an insurable interest in his own life and may make the loss payable to his personal representative or a stranger who has no interest. *Campbell* v. *New Eng. Mut. Life Ins. Co.,* 98 Mass. 381; *Provident L. Ins. Co.* v. *Baum,* 29 Ind. 236. Or assign to *any one. Cunningham* v. *Smith,* 7 Pa. St. 450.

" For myself, I can see no good reason why a man having an insurable interest may not insure it, and present the policy as a gift to a friend, and if such agreement be made to give at the very time of the contract, why may not the policy be made at once in the name of the donee, the whole transaction being *bona fide*—no fraud on the company being intended." Per Sharswood, J., in *Am.*

*Life and H. Ins. Co.* v. *Rabershaw,* 26 Pa. St. 191, and the case and reasons were affirmed.

See for a clear exposition *Clark* v. *Allen,* 11 R. I. 441. See 52 Am. Rep. 142. In *Trenton Life Ins. Co.* v. *Johnson,* 4 Zab. N. J. 582, it was upon a full review of the authorities held that an insurable interest in the life was not necessary at common law, and that such interest was required by the statute of 14 George, which was not in force in New Jersey.

This case is cited with seeming approval in *Maury* v. *Home Ins. Co.,* 9 R. I. 354. In *Bussinger* v. *Bank,* vol. 30 Northwestern Reporter (1886), p. 293, upon a review of the authorities, it is held that where the insurance is upon the life of the insured himself he may lawfully assign the same to *any person,* whether he has an insurable interest or not, citing a large number of cases, including those cited herein and others.

*M. Green,* for the appellant, argued the case orally.

*Hooker & Wilson,* for the appellee.

The vital question raised by the record is, what was the effect of the assignment by Red to Murphy of the policy?

It cannot be denied but that there is a great conflict of authorities upon the point raised in the record.

The cases seem to divide themselves in three classes.

One class (a small class) holding that an insurance can be effected in favor of a mere stranger to the insured, one who has no insurable interest in his life.

A second class holding that a policy issued in favor of one having no insurable interest in the life of the insured is void, but that if the policy is valid in its inception it is assignable to a stranger.

The third class holding that a policy issued to a stranger is not permissible, and that the same reasons and rules which forbid the issuance of a policy to a stranger forbid its assignment.

May on Insurance, § 398, approves the doctrine announced in the authorities cited below. He says that the same reasons which prevent a stranger acquiring a policy of insurance upon a life in which he has no interest by the direct issuance to him of such a policy also forbid him to acquire such policy by purchase.

We refer the court to the following authorities: 112 Pa. 251; 104 Pa. 77; 104 U. S. 775; 81 Ky. 368; 18 Kan. 93; 76 Ala. 183; 53 Ind. 380; May on Ins., §§ 74, 75; 41 Ind. 116; 101 Mass. 564; 15 Wall. 643; 46 Mich. 473; 10 La. An. 809.

If this contract of assignment was a wager contract then the attempt to convey it by Red was void, and it inured to the benefit of his wife (there being no children).

ARNOLD, J., delivered the opinion of the court.

It is shown that the husband of appellee before his death assigned the policy on his life for a valuable consideration to appellant's intestate. It is not suggested that there was any purpose in procuring the policy to evade or circumvent the laws against wagering policies, but it is affirmed on one side and denied on the other that the fact that the assignee had no insurable interest in the life insured vitiated the assignment, and the case will be considered in that aspect.

It is generally agreed that mere wager policies—that is to say, policies in which the insured party has no interest whatever in the matter insured, but only an interest in its loss or destruction—are void as against public policy. *Conn. Mut. Ins. Co.* v. *Schaefer*, 94 U. S. 457. And it must be admitted that there are decisions and *dicta* to the effect that it is unlawful for the holder of a life insurance policy on his own life to sell or assign the same under any circumstances to one who has no insurable interest in the life insured. Courts, which deny the validity of such sale or assignment, manifest great sensibility in regard to the danger which such transaction if sanctioned would cause to human life. They say that all the objections against issuing a policy directly to one on the life of another, in whose life the former has no insurable interest, exist against his holding such policy by mere purchase and assignment from another, that in either case the holder of such policy is interested in the death rather than in the life of the insured, and that the speculative or gambling element is the same, and the temptation to shorten the life of the insured is the same in the one case as in the other.

The weight of reason and authority, we think, is against this view.    There is an obvious difference between the two transactions. It is contrary to public policy for a person to insure a life in which he has no insurable interest and to derive benefit or advantage therefrom.    This is condemned as gaming or wagering on the chances of human life, and as such is prohibited by law.    But it is, lawful for one to insure his own life, and after he has done so the policy becomes his own if payable as in this case, and there is no good reason why he may not sell or dispose of it as he may of any other chose in action if the policy was valid in its inception.    *Clark* v. *Allen*, 11 R. I. 439 ; *St. John* v. *Am. Mut. Life Ins. Co.*, 13 N. Y. 31 ; *Mut. Life Ins. Co.* v. *Allen*, 138 Mass. 24 ; *Valton* v. *Assurance Co.*, 20 N. Y. 32 ; *Olmsted* v. *Keyes*, 85 N. Y. 593 ; *Ashley* v. *Ashley*, 3 Sim. 194 ; *Currier* v. *Continental Life Ins. Co.*, 52 Am. Rep. 134, note ; *Bussinger* v. *Bank, etc.*, Northwestern Reporter, vol. 30, No. 3, p. 290.

A man may have the best of reasons for wishing to dispose of the policy on his life.    The exigencies of business or absolute necessity may require him to do so.    He may have paid large sums in premiums and afterward became unable to pay more, and if he is not allowed to sell or assign on the best terms he can make, the policy may be lapsed and lost.    To impair the value and utility of his policy or require him to lose it on the ground that if he were to sell or assign it the assignee or purchaser would have a motive to kill him, or that any sale or assignment he might be able to effect with one who had no insurable interest in his life would be tainted with the vice of gambling, is, as matter of law, extremely fanciful and unsatisfactory.

Other interests and conditions generally prevalent, and involving tendencies quite as fatal to human life, may be created and are maintained without any such restriction. . It seems that a life tenant would be in about as much danger from the remainderman, and a testator from a person having no interest in his life, for whom he had made provision by will, as the insured would be from the assignee or purchaser without interest of a life insurance policy. 'An insurable interest in the assured at the time the policy is issued

is essential to the validity of the policy, but it has been often de-
cided, as when a creditor takes out a policy on the life of his debtor,
that it is not necessary to the continuance of the insurance that the
interest in the life insured should continue.    Cessation of interest,
payment of the debt in the case supposed, would not terminate the
policy.    *Dalby* v. *India Assurance Co.*, 15 C. B. 365 ; *Law* v.
*London Policy Co.*, 1 Kay & Johns. 223 ; *Conn. Ins. Co.* v.
*Schaefer*, 94 U. S. 457 ; *Rawle* v. *Am. Ins. Co.*, 27 N. Y. 282 ;
*Provident Ins. Co.* v. *Baum*, 29 Ind. 236 ; *Currier* v. *Continental
Ins. Co.*, 52 Am. Rep. 134, note.

If the danger to life is not adequate to avoid the policy in such
case, when the interest in the life insured ceases, it is not perceived
why it should be deemed sufficient to invalidate a contract by which
a policy is sold and assigned to one without interest.    Besides, the
protection should not be overlooked which is afforded to the life
insured by the doctrine that one cannot recover insurance money
payable on the death of a party whose life he has taken by felo-
nious means.    It would be a reproach to the law of the land if he
were allowed to do so.    He could not, in fact, do so, any more
than he could recover insurance money on a building which he had
willfully set fire to and burned.    *Mutual Life Ins. Co.* v. *Armstrong,*
117 U. S. 591.

In *Mutual Life Ins. Co.* v. *Allen, supra,* the Supreme Court of
Massachusetts, after removing all doubt as to the meaning of the
decisions in that State on the subject, and referring to the *dicta* in
*Cammack* v. *Lewis*, 15 Wall. 643 ; *Warnock* v. *Davis*, 104 U. S.
775, and *Franklin Ins. Co.* v. *Hazzard*, 41 Ind. 116, and showing
that it was not decided in either of these cases, that all assignments
of life insurance policies without interest are illegal, said : " That
the right to receive money on the death of another is assignable at
law or in equity will not be questioned.    It is true that every per-
son who is in expectation of property at the death of another has
an interest in his death, but it does not follow, and it is not true,
that the law does not allow the possession and assignment of such
expectations.    The objection applies with equal force to the assign-
ment of a provision made for one upon the death of another by

deed or will as to the assignment of a like provision in the form of a life insurance. We see nothing in the contract of life insurance which will prevent the assured from selling his right under the contract for his own advantage, and the fact that the assignee has no insurable interest in the life insured is neither conclusive nor *prima facie* evidence that the transaction is illegal."

In the well-considered case of *Clark* v. *Allen, supra,* the Supreme Court of Rhode Island used this language: "It is said that such an assignment, if permitted, may be used to circumvent the law. But it does not follow that such an assignment is not to be permitted at all because if permitted it may be abused. Let the abuse and not the *bona fide* use be condemned and defeated. The truth is, it is one thing to say that a man may take insurance upon the life of another for no purpose except as a speculation or bet on his chances of life, and may repeat the act *ad libitum*, and quite another thing to say that he may purchase the policy as a matter of business, after it has once been duly issued under the sanction of law and is therefore an existing chose in action or right of property. There is in such purchase, in our opinion, no immorality and no imminent peril to human life. We should have strong reasons before we hold that a man shall not dispose of his own. Courts of justice, while they should uphold the great and universally recognized interests of society, ought nevertheless to be cautious about making their own notions of public policy the criterion of legality, lest, under the semblance of declaring the law, they in fact usurp the functions of legislation."

We are unable to subscribe to the doctrine that the assignee or purchaser of a life insurance policy, valid in its inception and transferred according to its terms, is not entitled to its proceeds by reason of his want of interest in the life insured.

*The judgment is reversed, and judgment here for appellant.*