## Mary J. Rose et al. *v.* David D. Wilkins.

1. **Corporations.** *Charter. Benevolent society. Contracts.*

   The charter of an incorporated benevolent society forms a part of its contracts of insurance and controls their validity and construction.

2. **Same.** *Designated class of beneficiaries. Strangers. Assignments.*

   If the charter of an incorporated benevolent society authorizes it to pay a policy or benefit certificate only to a member, some of his family or a dependent on him, a stranger takes nothing by an assignment of the policy or certificate to him, executed by the beneficiary in the lifetime of the member, although the member joins in the assignment.

3. **Same.** *Public law. Notice.*

   If a benevolent society be created by public law, strangers, as well as members, are charged with knowledge of a provision in such law that benefits can only be paid to a particular class of persons.

4. **Same.** *Payment of premiums by strangers. Reimbursement. Equity.*

   A stranger who pays the dues or premiums on a policy or benefit certificate in a benevolent society for a member, to keep the insurance

in force, may, after the death of the member, recover the sums so paid, with legal interest, from the funds due on the policy or cerficate, by a proceeding in equity against the beneficiary and the society.

From the chancery court of Montgomery county.

Hon. James C. Longstreet, Chancellor.

Wilkins, the appellee, was the complainant in the court below; Mrs. Rose and the supreme lodge of the Knights of Honor, appellants, were defendants there. The opinion of the court states the facts.

*Hill & Sisson,* for appellants.

The parties to the assignment attempted to do indirectly that which they could not do directly. Under the charter of the Knights of Honor, Wilkins could not have been named as a beneficiary in the certificate. He was not a member of Rose's family and not dependent on him, and if application had been formally made to have him named as one of the beneficiaries, it would have been promptly rejected, because it would be a violation of the express purpose and object of the organization, plainly expressed in the very instrument that gave it existence. The charter provides that at the death of a member, etc., "a sum not exceeding $5,000 shall be paid to such member or members of his family, or person or persons dependent upon him, as he may direct and designate by name." To divert this money from this purpose would be to strike down the very worthy aims of the order, and would be a flagrant disregard of the act of incorporation. "The charter is as much a part of the contract as if written in its face." *Knights of Pythias* v. *Stein,* 75 Miss., 120; *Carson* v. *Bank,* 75 Miss., 174.

In *Price* v. *Knights of Honor,* 68 Texas, 369, the court in passing on an assignment to one without interest, said: "The assignment did not vitiate the policy, but was itself of no effect, and left the insurance money payable to the parties originally designated in the certificate." The transaction between Wilkins

and Rose and wife was a wagering contract, and void, as against public policy. This case is not like the case of *Murphy* v. *Red,* 64 Miss., 614. There a regular insurance policy was transferred and assigned for value in writing, in conformity with the provisions of. the policy. The benefit certificate contains this provision: "That he complies with the laws, rules and regulations now governing the order, or that may be hereafter enacted for its government." This provision has been upheld by our court, and nearly all others, and the validity of such provisions is well discussed in *Dornes* v. *Supreme Lodge K. of P.,* 75 Miss., 466.

*Sweatman, Trotter & Knox,* for appellee.

The beneficiary is not a member of the organization, nor subject to its laws. She has at least an inchoate right or expectancy, which is the subject of an assignment and beyond the power of the order. 9 Am. & Eng. Enc. L. (1st ed.), 1110; 59 Hun (N. Y.), 143.

The order has no more power to abridge that right than to restrict her right to assign her interest as expectant heir of a living parent. It is, as it were, her independent estate and subject to her control. In the one case, the member could defeat her by changing the beneficiary, and, in the other, the parent could defeat her by will, but neither of these points affect the question where it is not done and the rights have become vested by the death of the member or parent. That the beneficiary can assign is clear. 3 Am. & Eng. Enc. L. (2d ed.), 1001, and case cited in notes; Bacon on Ben. Soc., sec. 301.

Equity will uphold the assignment of contingent interest and expectancies and things having no present actual existence, but resting in mere possibilitiy, if fairly made and not against public policy. 1 Am. & Eng. Enc. L., 830, and note 2; *Murphy* v. *Red,* 64 Miss., 619.

Mrs. Rose's right to assign cannot be questioned, first,

because there is no law of the order which undertakes to deal with the beneficiary or which forbids assignment by a beneficiary; second, because her right to assign could not have been so abridged if the order had undertaken to do so.    3 Am. & Eng. Enc. L. (2d ed.), 1001; *Stewart* v. *Staats*, 59 Hun (N. Y.), 143; Bacon on Ben. Soc., 301.

*Mayes & Harris*, on same side.

It is well settled law in this state that an insurance policy may be assigned to one who has no interest in the life, provided the assignment is made in good faith subsequent to the issuance of the policy and the policy was not in fact originally taken out for the benefit of one having no interest.    *Murphy* v. *Red*, 64 Miss., 614.

Wilkins was not a creditor of the assignors.    He did not approach them for the assignment, but they came to him and besought him to enter into the contract, which was made on the ground that they were not able to carry the policy at all, and it was only a question of saving something out of the impending wreck.    If he had not entered into this agreement with them, the policy would have been forfeited.    The case of *Carson* v. *Bank*, 75 Miss., 174, is not applicable for this reason.

Terral, J., delivered the opinion of the court.

Henry Rose, being admitted to beneficial membership in the order of the Knights of Honor, had issued to him, on the nineteenth day of June, 1895, by the supreme lodge, a benefit certificate in the sum of $2,000, payable at his death to his wife, Mary J. Rose.    On the fourth day of November, 1898, he and his wife jointly sold and transferred by writing a three-fourths interest in said certificate to David D. Wilkins.    Henry Rose died on the twenty-eighth day of March, 1900, a member of the order in good standing, and soon thereafter Wilkins filed his bill against the association and Mrs. Rose to recover a three-fourths

interest ($1,500) in said benefit certificate.    It appears from the proceedings in the case that the Knights of Honor is a benevolent society, and was formed under the public laws of the state of Missouri, which provides (Rev. St. 1879, ch. 21, art 10, § 972) that such a society "may include in their corporate powers the privilege of providing for the relief and aid of their families, widows, orphans, or other dependents of their deceased members, or for assisting such as may be sick or disabled, from the proceeds of assessments upon the members of such society." The articles of agreement formative of the association under the public laws of the state of Missouri expressly provide the scope and purpose of the association to be as authorized by said law, and they were so adjudged to be by the *pro forma* decree of the circuit court of the city of St. Louis, under whose imprimatur such articles necessarily passed.    In addition to all this, it is stated in the beneficial certificate, under which Wilkins claims the $1,500 sued for, and of the contents of which he was bound to take notice, that it was to be paid in accordance with and under the laws governing the order.    We regard it as settled that the constitution and by-laws of a benevolent society are in the nature of a contract between it and them, and they form a part of every contract made between them, and such contracts are governed in their validity, construction and discharge by such constitution and by-laws. *Holland* v. *Taylor,* 111 Ind., 125, s. c. 12 N. E., 116; 1 Bac. Ben. Soc., sec. 161; End. Ben. Assn's (2d ed.), sec. 106; Thomp. Bldg. Assn's, ch. 5, sec. 4.

The charter of the supreme lodge of the Knights of Honor only authorized it to pay a benefit to a member of the order, or to some of his family, or to a dependent upon a member. Mr. Wilkins is not such person, nor has he been named to the order as beneficiary.    If he had been so named, he could not recover the benefit, for such contract would have clearly been *ultra vires.*    1 Bac. Ben. Soc. (2d ed.), §§ 295, 304, 311; *Assurance Fund* v. *Allen,* 106 Ind., 593, s. c. 7 N. E., 317.

It is a rule of law that a corporation, being an artificial person, has only the powers expressly conferred upon it or necessarily implied from those so conferred. The charter is the law of its being, as well as of its creation, and power not given may not be exercised. Applying the constitution and laws of the order to the benefit certificate, it is too plain for argument that the only contract between him and the society is, upon its part, to pay $2,000 upon his death to his wife, Mary J. Rose. Wilkins is not a member of the order, nor a part of the family of a member, nor a dependent upon a member, and so is not within the spirit or the letter of the contract, and can take nothing under it by assignment. 1 Bac. Ben. Soc., sec. 295.

It is to be noted that the order of Knights of Honor is created by public law, of which strangers, as well as members of the order, are bound to take notice, and Wilkins is to be charged with the knowledge that the benefit under this contract can only be paid to a particular class of persons, to which he did not belong. 1 Bac. Ben. Soc., sec. 304; Mor. Priv. Cor. (2d ed.), sec. 591 *et seq.*

The assignment to Wilkins of a three-fourths interest in the certificate by Rose and wife was inoperative and void, because it was in violation of the laws of the order, of which he was bound to take notice. 2 Beach, Priv. Corp., sec. 421.

The association only agrees to pay a benefit to a certain class of persons as the objects of its charity, and it is bound only to the terms of its contract; and the restriction of payment to such persons inhered in the contract, by whomsoever held, whether holding by assignment or otherwise. If the bill of complaint of Mr. Wilkins had been adapted to the recovery of the sums of money paid by him in behalf of Rose to keep the policy in force, it is reasonable to suppose that he might recover the amount so paid, with six per centum per annum interest thereon. *Harley* v. *Heist*, 86 Ind., 196, s.c. 44 Am. Rep., 285.

The decree of the court is reversed and the case is remanded, with leave to complainant to amend his bill if he shall be so advised.                                              *Reversed.*