## Chicago Title & Trust Company, Administrator, v. Sarah A. Haxtun.

### Gen. No. 12,765.

1. INSURANCE—*who cannot raise question of lack of insurable interest.* No one but the insurer is entitled to interpose a defense of a lack of insurable interest in the beneficiary named in a policy.

2. INSURANCE—*what confers insurable interest.* A debt to which the bar of the Statute of Limitations might be applied is sufficient to vest in a creditor an insurable interest in the life of his debtor.

Bill of interpleader. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed November 23, 1906.

**Statement by the Court.** This is an appeal from a decree of the Superior Court in an interpleader case.

The Mutual Life Insurance Company of New York filed its bill of interpleader, alleging that on May 25, 1879, it issued its policy of insurance numbered 202,-636 for $2,850 upon the life of one Edward Brundige, Jr., payable to William E. Haxtun, beneficiary; that said Edward Brundige, Jr., died January 28, 1901, and that William E. Haxtun died June 14, 1900; that the Chicago Title & Trust Company of Chicago, as administrator of the estate of said Edward Brundige, Jr., demanded the amount due on said policy, and that Sarah A. Haxtun also claimed the amount due on said policy as assignee thereof, and as the sole legatee and devisee of said William E. Haxtun, the beneficiary named in said policy; that said company was ready to bring the amount due on said policy into court and pay the same as the court should direct.

After answers of the defendants and replications thereto by the complainant were filed, an interlocutory decree was entered by the court, ordering and

directing the complainant company to pay $3,135, the amount due on the policy, into court, and referring the cause to a master in chancery to take proofs and report his conclusions.

The master heard the evidence and reported it, together with his conclusions, to the court.   The master found that the defendant, Sarah A. Haxtun, was entitled to the fund, and recommended a decree directing the clerk to pay the money to her.

Objections were filed by appellant, which were overruled by the master.   Appellant filed exceptions to the report, which were overruled by the court, and a decree was entered in accordance with the master's report.

J. E. McDowell, for appellant.

Thomas E. Milchrist, for appellee.

Mr. Justice Smith delivered the opinion of the court.

The question presented for decision is:   Which of the defendants is entitled to the fund?

It is contended on behalf of appellant that appellee was bound to allege and prove an insurable interest in the life of Brundige at the time the policy was issued, and that such interest was not shown by the proofs.   The argument is that one who takes out a policy on the life of another, and pays the premiums himself, must have an insurable interest in the life of that other or the policy will be a mere wager, upon which the party to whom it is issued cannot recover; and that there can be no such thing as a lawful beneficiary unless he have an insurable interest.   Therefore this must be alleged and proved.

While it may be conceded that the general rule of law is that insurance taken out by one on the life of another, in whose life the person procuring the insurance had at the time no interest, is invalid, it is also

the law that no one but the insurer can raise the question. In Johnson et al. v. Van Epps, 110 Ill. 551, it is said, at page 563, in the opinion on an application for a rehearing, in response to the suggestion here made: "Conceding, for the purposes of the argument, that it is so, and that the decree for this reason is erroneous, it does not necessarily follow the decree should be reversed at the instance of appellants, for that reason. The argument is like a two-edged sword —it cuts both ways. It proves too much. As it has been fully shown, the alleged rights which appellants are seeking to enforce in this proceeding are based upon this very certificate, and if it is true, as claimed by them, the certificate is void as against public policy, it manifestly follows they themselves acquire no rights under it, for no one can acquire rights under a void instrument, and, it is hardly necessary to add, one will not be heard to complain of an error that does not injuriously affect some right of his. Assuming appellants' hypothesis to be true, the company or society alone would have the right to complain. But it is entirely content, and makes no objection whatever to the payment of the money on the ground suggested."

So here, the insurance company concedes its liability on the policy, and has brought the money into court, and by the interlocutory decree entered at its instance has had the policy declared to be valid and in full force and effect. The objection urged cannot be made by appellant, for if it is a good objection, appellant is out of court.

The record, however, does not bear out the assertion that appellee made no proof of an insurable interest in the life of Brundige.

Appellee, to sustain her claim to the fund paid into court, offered in evidence before the master a promissory note dated May 23, 1866, signed by Edward Brundige, Jr., payable on demand to William E. Haxtun for $1,084, with interest from date. At the

time the policy was issued William E. Haxtun was a creditor of Brundige, as shown by this note. True, the Statute of Limitations had run against the note at the death of Brundige, but that did not affect the debt. Rawls v. Am. Life Ins. Co., 27 N. Y. 282; Conn. Mutual Life Ins. Co. v. Dunscomb, 58 L. R. A. 694.

In 1 May on Insurance, section 108, the author says: "Upon the same principles, if the debt be one to which the Statute of Limitations might be pleaded at the time of the death of the debtor, it nevertheless constitutes an interest which will support a policy. A debt still exists. It is not extinguished by the currency of the statute, as in the case of payment."

The note offered in evidence was thirty-eight years old, and the payment of the debt evidenced by it may be presumed. "But this is a rebuttable presumption, and may be overcome by any evidence tending to satisfy the court that the debt is still due. The condition of the debtor as to solvency or other circumstances may repel the presumption." Conn. Mutual Life Ins. Co. v. Dunscomb, *supra,* and cases there cited.

We think the evidence before the master was sufficient to rebut the presumption of the payment of the indebtedness, on and prior to the assignment of the policy to appellee.

The assignment of the policy for value received to Sarah A. Haxtun on December 26, 1892, appears to be in due and regular form. This assignment was properly admitted in evidence under the averments of the answer of appellee, thus completing appellee's title and right to recover the fund.

Finding no error in the decree of the court below, it is affirmed.

*Affirmed.*