CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1911.

---

ALICE HAWKINS *v.* ELIZA DUBERRY.

[57 South. 919.]

1. WILLS. *Codicil.* *Revocation.* *Insurance.* *Beneficiaries.* *Section 5079, Code* 1906.

    A codicil to a will not being subscribed and witnessed as required by law is invalid and does not affect the validity of the will since Code 1906, section 5079 provides that a "demise or any clause thereof shall not be revocable but by the testator or testatrix, destroying, cancelling or obliterating the same, or causing it to be done in his or her presence or by a subsequent will, codicil or declaration in writing made and executed."

2. INSURANCE. *Beneficiaries.* *Wills.*

    A person insured in a mutual benefit association cannot make a valid bequest of the benefits, to one who does not belong to the class of persons who are authorized to become beneficiaries under the laws, constitution and charter of such order.

APPEAL from the chancery court of Yalobusha county. HON. I. T. BLOUNT, Chancellor.

Suit by Eliza Duberry against A. Seymour, administrator with will annexed of the estate of John W. Duberry and Alice Hawkins. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Creekmore & Stone,* for appellant.

In the light of the above facts fully proved and uncontradicted we are at a loss to know on what theory the chancellor disregarded the plain and unequivocal provisions of the instrument executed by John Duberry. The case of *Hall* v. *Allen,* 75 Miss. 175, 22 So. 4, absolutely settles the point that the act of an insured person in disposing of the proceeds of an insurance policy in a fraternal organization does not have to be given any particular name and involves no certain form of procedure. The act of John Duberry had a certain legal effect and operation, by what ever name called, and this effect is directly in opposition to the appellee's case.

We cannot see on what possible theory of this case the chancellor admitted the book containing the by-laws and constitution of the grand lodge of the insurance company. This for two reasons: first—even if properly proved this book was absolutely inadmissible in this case. The insurance company had admitted their liability and by paying the money into court had subjected it to the contest between rival claimants, with this latter fight the company had nothing to do and certainly none of their rules and regulations would be admissible. Second— even if it were admitted that the book of by-laws could be considered, we see no application of the same to the case at bar. So far as we have seen the company makes no effort to restrict the insured in the disposition of the benefits of their policy, and such effort would be void if attempted.

There is only one thing further to be said. Complainant and appellee would like to make an argument on

sentimental grounds, that is to get the court to declare that it would not stand by a deceased's disposition of property, unless the same, no matter how closely in accordance with the form of law, did not happen to accord with the moral ideas of the court. Appellee and John Duberry had discarded each other many years before the instrument was executed. While courts will attempt to make a disposition of a man's property for him, on sentimental or other lines, we say that there is nothing in this record that would even slightly commend the appellee to any such consideration. There is such an entire absence of anything of this sort that we will not prolong this brief with a discussion of it.

This case has been fully heard and we earnestly insist that the judgment of the learned chancellor should be reversed, and we submit that this is a proper case for this court in reversing to render a final decree. We respectfully ask that the case be reversed and the original bill dismissed.

*W. C. Blount,* for appellee.

The case of *Hall* v. *Allen,* 75 Miss. 175, has no application to this controversy. That was an assignment pure and simple by a brother to a sister, which the court upheld. Here it is attempted to establish a will in favor of a dissolute woman, with no blood or other tie upon decedent, who though present in court would not dare subject herself to cross-examination by appellee's counsel; and the paper was treated as a will by appellant and she claims under it only as a will, and claimed to have had it probated as such. It is clearly submitted as a will, counsel having waived technical pleadings and agreeing to treat this litigation as a proceeding in lieu of an issue *devasavit vel non.*

The proof shows that there was no "Alice Hawkins" until several days after the death of John W. Duberry. How could "Alice Hawkins" then be made beneficiary

or assignee. This sustains the widow Eliza Duberry in her testimony when she says the hand writing, "Alice Hawkins $699 Eliza Duberry $1.00 this is my last will. Dec. 31, 1907," in the document was not Duberry's hand-writing.

The court decided in *Bank* v. *Williams,* 77 Miss. 398, that a life insurance policy, designating a beneficiary, is the property of the beneficiary from the moment of its issuance, whether delivered or not, and the procurer of the insurance cannot, without the beneficiary's consent, transfer it to another.

The constitution of the M. W. Stringer Grand Lodge, article 1, amendment 1, section 2 (see page 29 of con-stitution), restricts the issuance of this fraternal insur-ance to the "the widow orphans or legal representative of deceased." This question was not presented nor was it considered by the court in *Hall* v. *Allen, supra,* where a brother assigned a life insurance policy to his sister, the original beneficiary, his mother, being dead.

Again we say, to give this money to a concubine, dis-inheriting the widow would be a travesty on justice and without reason or law. The widow was the legal bene-ficiary in the policy, the same as if her name had been written there instead of that of her husband John W. Duberry, and although with her husband at the time of his death she was not even asked to give her consent to a transfer nor apprised of the fact that such an at-tempt had been or would be made until many months after his death.

McLEAN, J., delivered the opinion of the court.

The appellee, Eliza Duberry, filed her bill in the chan-cery court of Yalobusha county against A. Seymour, ad-ministrator *cum testamento annexo,* and Mrs. Alice Haw-kins, wherein she alleges that she is a resident citizen of Tennessee; that her husband, John W. Duberry, died in Memphis, Tenn., on February 12, 1908, leaving com-

plainant as his wife and sole heir at law; that said deceased left an insurance policy in the Masonic Benefit Association of the value of six hundred and eighty-five dollars, which amount had been paid to Seymour, administrator, etc.; that this money belongs to complainant, but that Seymour declines to pay it to her, because Mrs. Alice Hawkins claims to be the owner of the money by virtue of an alleged will executed by said decedent, which alleged will complainant charges is void and of no effect in form and substance. One of the grounds of the invalidity of the will is that there was no such person in existence as Mrs. Alice Hawkins at the date of the death of the said John W. Duberry. The allegations of the bill are denied by the answer, except that it admits that the money has been paid by the lodge and collected by Seymour as administrator, etc.

On the 18th of January, 1905, the Masonic Benefit Association issued its benefit certificate to John W. Duberry, of water Valley, Miss., wherein it agreed to pay to said Duberry upon his death five hundred dollars upon certain conditions. Said John W. Duberry on the bottom of this certificate made and executed his last will and testament, wherein he gave and bequeathed the money due him by virtue of the certificate unto Mrs. Alice Hawkins. This will was properly attested by three subscribing witnesses. The will is in the following language: "I, Jno. W. Duberry, of Water Valley, Mississippi, age fifty-nine years, being of sound and disposing mind, give and bequeath the money due me by virtue of the certificate upon which this my last will is indorsed: Mrs. Alice Hawkins, $699.00; Eliza Duberry, $1.00. And this is my last will. December 31, 1907. [Signed] J. W. Duberry." Beneath this will is the following: "In witness whereof I, this the 18th day of November, 1905, sign, publish and declare this instrument as my last will so far as the money is concerned which is due me after my death from the Masonic Ben-

efit Association. I appoint Mr. N. Cox executor. [Signed] Jno. W. Duberry.'' The execution of this will was attested in due form by three witnesses; said attestation being as follows: ''State of Mississippi, Yalobusha County. The said John W. Duberry on the 18th day of November, 1905, signed the foregoing instrument, and published and declared in our presence and in the presence of each other as his last will; and we at his request and in his presence, and in the presence of each other, on said date, have hereunto written our names as subscribing witnesses thereof.'' And then follows the names of the three witnesses.

It appears from the testimony of one Noah Cox that he was in Memphis on December 31, 1907, at the house of Mrs. Alice Hawkins, and that the testator said that he had consulted a lawyer, who informed him that, if he did not give his wife, Eliza something, she might give trouble by breaking the will, and that in order to avoid this the said John W. Duberry added to the will, in his own handwriting, the following after the word Alice Hawkins: ''$699.00; Eliza Duberry, $1.00.'' There were no subscribing witnesses to this addition. In answer to the question, ''It was not his intention, then, to give Alice Hawkins the total and Eliza Duberry nothing?'' the witness said, ''In the original first signed, he willed it all to Alice Hawkins, and when I called on him in December, 1907, he called my attention to it, and said he had consulted some lawyer, who said, if he did not give Eliza something, she might give trouble by breaking the will.'' It does not appear from the record whether this will was probated, but the witnesses refer to the will as having been probated, and the bill of complaint filed in this case attaches, as an exhibit to it, a copy of what is called the alleged will. There is nothing in the record to show that the widow, who is complainant in this cause, ever renounced this will. There is some evidence in the record to the effect that John

W. Duberry, for some two years prior to his death, resided in Memphis, Tenn.; but we cannot say from this record whether he was a resident and citizen of Tennessee or Mississippi at the date of his death. The record further shows that there is an agreement between counsel for both complainant and defendant that all questions involved in the settlement of this case include the construction of the paper presented, and the rights of the parties thereunder are submitted to the court for its decision, waiving the jury on an issue of *devisavit vel non;* but this is not signed by any one. The record shows that the Masonic order paid the money to Seymour, who is described as administrator *cum testamento annexo.* The caption of the constitution of the Masonic Benefit Association is in the record; but there is nothing in the record to show the purpose of the organization, nor the persons who can become beneficiaries under the constitution, except there purports to be a copy of an amendment to one of the articles of association, which proposes "to provide a fund to be paid to the widow, orphans, or legal representatives of deceased Master Masons within the jurisdiction of the M. W. Stringer, Grand Lodge of Mississippi." The court below held that the paper purporting to be the last will and testament of J. W. Duberry is not a will, and does not entitle defendant to the moneys in controversy, and finds in favor of Elizabeth Duberry, as being the rightful heir at law of John W. Duberry, deceased, and entitled to the money in controversy.

We are not at all satisfied with the result in the lower court. It is manifest from the evidence that this was a valid will. It was properly executed and attested, and if it be true that on December 31, 1907, he added to the then valid will the words and letters, to-wit, "$699.00; Eliza Duberry, $1.00," without having it properly attested, the failure to have this addition attested would not destroy the otherwise valid instrument. The rule

is that if the will is valid, and properly attested, and if thereafter the testator should undertake to make a codicil, and the codicil is invalid for the want of the proper attestation, the invalid codicil will not destroy the otherwise valid will. The law is that an instrument propounded as a revocation, if it be in form a will, must be perfect as such, and be subscribed and attested as required by the statute; hence an instrument intended to be a will, but failing of its effect as such on account of some imperfection in its structure, or for want of due execution, cannot be set up for the purpose of revoking a former will. This principle is well settled by the decisions, not only in the English courts, but by those in America. *Hairston et al.* v. *Hairston et al.*, 30 Miss. 303. Again, this court in *Wilbourn* v. *Shell*, 59 Miss. 205, 42 Am. Rep. 363, in discussing when and under what circumstances there is a revocation of the will, speaking through that eminent jurist, Judge Cooper, says: "But the material inquiry in all cases is whether the destruction of the will was *animo revocandi,* and to determine this it is necessary to consider the circumstances under which and the purposes and reasons for which it was destroyed; and where, from all the circumstances in evidence, it appears that the destruction or revocation was connected with, or cause of, the execution of another will, and that the testator meant the revocation of the one to depend upon the validity of the other, then if the latter will is inoperative, from defect of attestation or other cause, the revocation fails also, and the original will remains in force." Our statute (section 5079 of the Code of 1906), which is a rescript of section 4489 of the Code of 1892, provides for revocations as folows: "A devise so made, or any clause thereof, shall not be revocable but by the testator or testatrix destroying, canceling or obliterating the same, or causing it to be done in his or her presence, or by subsequent will, codicil, or declaration, in writing made and executed."

It is proper for us to say that if the legatee or benefi-
ciary under the will, Alice Hawkins, did not belong to
that class of persons who were authorized to become
beneficiaries under the laws, constitution, and charter
of the Masonic Benefit Society, then she is not entitled
to the money, as held by this court in *Rose* v. *Wilkins,* 78
Miss. 401, 29 South. 397. We are not called upon to de-
cide, upon this record, what rights the widow had' in
this money under the laws of the state of Tennessee, in
the event it should develop that John W. Duberry was
a resident and citizen of Tennessee at the date of his
death.

Not being able, from this imperfect record, to reach
any satisfactory conclusion as to the rights of the par-
ties, and as the lower court erred in holding, as it did,
that "the paper purporting to be the last will and testa-
ment of John W. Duberry is not the will, and does not
entitle the defendant to the moneys in controversy,"
we reverse the case.                          *Reversed.*