HENDERSON *v.* WOODMEN OF UNION *et al.*

(Division B. April 25, 1932. Suggestion of Error Overruled, May 9, 1932.)

[141 So. 345. No. 29979.]

B. A. Green, of Mound Bayou, for appellant.

Smith & Millsaps, of Cleveland, for appellee.

**Anderson, J.,** delivered the opinion of the court.

This was a suit in the chancery court of Bolivar county between appellant and appellee over the proceeds of a life insurance policy issued to Maggie Henderson by Woodmen of Union, a fraternal insurance company, in which policy appellant was named as beneficiary. A trial was had on original bill, bill of interpleader by the insurance company, and original bill of appellee, and answers, and cross-bill of appellant, and proofs, resulting in a decree in favor of appellee. From that decree appellant prosecutes this appeal.

Appellant and Maggie Henderson lived together as man and wife for years, but appellant had a living wife from whom he had not been divorced; therefore appellant and Maggie Henderson were not man and wife, nor were they otherwise related by either affinity or consanguinity. Woodmen of Union is a fraternal insurance and benefit order incorporated and organized under the laws of the state of Arkansas, with its home office at Hot Springs in that state. Maggie Henderson applied to the company, and there was issued to her, and she received, a policy of insurance in the company, by the terms of which the beneficiary named therein was to be paid the sum of five hundred dollars on her death. Appellant was named as beneficiary in the policy. Maggie Henderson died while the policy was in force. Appellant, as beneficiary named in the policy, made proof of her death and forwarded the same to the insurance company along with the policy of insurance. The insurance company got information from somewhere that appellant and Maggie Henderson were not man and wife, and were not related by either affinity or consanguinity. Thereupon the company filed its bill of interpleader in this cause stating that fact on information, and, if true, appellant was ineligible to be a beneficiary in the policy, and asking that an order be made authorizing it to pay the pro-

ceeds of the policy into the court, and that the court adjudge who, among the rival claimants, was entitled thereto. Accordingly, such an order was made, and the company paid the amount due on the policy into the hands of the clerk of the court, and was dismissed from the case by order of the court. The constitution and by-laws of the insurance company, which by the terms of the policy were made a part of the contract of insurance, provide in substance that no person not related to the insured by affinity or consanguinity shall be a beneficiary in any policy issued by the company.

On the death of Maggie Henderson, appellee was her sole surviving heir, appellee being her aunt. This is a contest, therefore, over the proceeds of this policy of insurance between appellant on the one hand, who under the constitution and by-laws of the insurance company made a part of the contract of insurance was ineligible to be named as beneficiary in the policy, and appellee on the other hand, the sole surviving heir of the insured.

The case of Freeman v. Barnett, 146 Miss. 849, 112 So. 161, 52 A. L. R. 375, is decisive of this case in appellee's favor. It was held in that case that where the husband of the insured, named as beneficiary in a policy of insurance in a benefit association, was divorced before the insured's death, thereby taking him out of the class of beneficiaries limited by the constitution of the association, the proceeds of the policy went to the heirs of the insured. In that case and in this the insurance company paid the proceeds of the policy into court, disclaiming any further interest in the matter. The policy in that case was issued to Virginia Barnett, and named Sam Freeman, her second husband, as beneficiary. The insured had been previously married, by which marriage she had two daughters. Insured died, leaving these two daughters as her sole heirs; her first husband had died before she married Sam Freeman, the beneficiary named in the policy. Before her death the insured secured a di-

vorce from Sam Freeman, after which she was married to Henderson Barnett; she made no change in the beneficiary in the policy. Sam Freeman remained as the beneficiary named therein. The contest over the proceeds of the policy in that case was between the heirs at law of the insured and her divorced husband, Sam Freeman, the beneficiary named in the policy. The court held that the proceeds went to the heirs and not to Freeman.

We do not think there is any real conflict between the decisions of the court in the cases of Freeman v. Barnett, supra; Hall v. Allen, 75 Miss. 175, 22 So. 4, 65 Am. St. Rep. 601; Hawkins v. Duberry, 101 Miss. 17, 57 So. 919; and Foote v. Grand Lodge, Knights of Pythias, 109 Miss. 119, 67 So. 901. In Hall v. Allen the beneficiary named in the policy was the mother of the insured who died before he did. After the death of his mother, the insured made an effort to have his sister substituted as beneficiary in the policy, but failed to do so in the manner prescribed by the laws of the insurance company. The court held that the sister was entitled to the proceeds of the policy. In the Hawkins v. Duberry case the court held that a person insured in a mutual benefit association could not make a valid bequest of the benefits to one who did not belong to the class of persons who were authorized to become beneficiaries under the laws, constitution, and charter of the order. In Foote v. Grand Lodge, Knights of Pythias, the court held that, where an insured, an unmarried man, took out an insurance policy in a benevolent order, naming his mother as beneficiary therein, and afterwards married and died without changing the beneficiary in the policy, and the insurance company paid the proceeds of the policy to the mother, the wife of the insured had no cause of action therefor against the insurance company.

Appellant relies on 19 R. C. L., pp. 1288, 1289, sec. 84. It is there stated that, in an action by a beneficiary named in the contract of a fraternal insurance association, where

the association appears, admits its liability, and pays the money into court, such act constitutes a waiver of any objection to the eligibility of the beneficiary named in the policy, and an intervening claimant is not entitled to make such objection and claim the benefits accruing under the policy on that ground. If that principle were applied here, it would mean that appellant would win this case. However, it is manifest that our court, especially in the case of Freeman v. Barnett, supra, announced the contrary principle. We cannot say that the decision in that case is manifestly wrong. We do not see that any serious mischief would result from adhering to it. To reverse this case that case would have to be overruled.

Appellee introduced in evidence what purported to be the original policy of insurance issued to Maggie Henderson, and also the constitution and by-laws of the insurance company. Appellant objected to their introduction upon certain grounds, which objection was overruled by the court. That action of the court is assigned and argued as error by appellant. We do not think there is any merit in appellant's objection to the manner of proving the policy and the constitution and by-laws of the company, and we do not think the questions raised by the objection are of sufficient seriousness to call for a discussion by the court.

Affirmed.