NEELY v. PIGFORD.

(Division B. Feb. 21, 1938. Suggestion of Error Overruled April 4, 1938.)

[178 So. 913. No. 33022.]

**Thos. J. Tubb,** of West Point, for appellant.

**Watkins & Eager,** of Jackson, for appellee.

Jesse P. Stennis, of Macon, for appellee.

**Griffith, J.**, delivered the opinion of the court.

In view of the verdict upon the issues of fact, we find that the only question requiring discussion is whether appellant had such an insurable interest in his employees as would make the policies here in issue valid. Appellant employed 191 workmen, and, instead of the ordinary plan of indemnity insurance against liability for injuries to them, appellant took 191 separate accident insurance policies, one for each of said employees, the policies being payable to appellant and not to the respective employees. Appellant paid, or rather agreed to pay, all the premiums.

Appellant says that these policies secured payments to him whether he was liable for the injuries or not; that, although a death or injury occurred by accident without

any negligence whatever on the part of the employer, so that he would not be liable therefor, nevertheless the employer would receive the insurance money, and that it would be to the interest of the employer that accidents should occur rather than that they should not. Wherefore appellant says that he had no insurable interest as to accidents for which he was not legally liable and that such policies are void as against public policy; and that, being void, the premium for which he is sued by the assignee insurance agent is not a valid obligation.

It is conceded that an employer who is liable to an employee, in the event of injury to the latter, has such an insurable interest in the welfare of the employee as enables the employer to take out insurance to indemnify himself from any loss through such liability; and the remaining question is, therefore, whether he has any such interest in an ordinary employee as to enable him to take out insurance for injuries to such employees for which he is not liable. It is further conceded in the argument that the question last stated is debatable and that the authorities are divided upon it.

Under conditions and practices which appertained in former days, the question would perhaps have been answered by most of the courts in the negative. But in this day and under modern and more enlightened practices, employers do not throw injured employees to the dogs when the employer has no liability for the injury. Employers do not first stop to inquire whether they are legally liable for the injury, but, at their own expense, or largely so, they take the injured employee to a hospital, or otherwise furnish all necessary and suitable care and attention, for such reasonable time as is required, and, if death results, a decent burial is provided—all this although the employer is not legally liable at all. This is sufficient as a foundation for an insurable interest, aside from the consideration, as to which we express no opinion whether sufficient or not, that the employer has a sub-

stantial interest in keeping all his workmen together without the disruption which follows upon injuries even to the most humble of them. If a particular insured employer does not follow the custom or practice above mentioned, or in a particular case neglects or refuses, the insurer can raise for decision the point of want of insurable interest, since, according to the authorities, that point is available only to the insurer, and not to other parties. 1 Couch's Cyclopedia of Insurance Law, p. 772, sec. 295; 32 C. J., p. 1112; Farwell v. Johnson, 121 Misc. 556, 201 N. Y. S. 327, 330; Keckley v. Coshocton Glass Co., 86 Ohio St. 213, 99 N. E. 299, Ann. Cas. 1913D, 607; Chicago Title & Trust Co. v. Haxtun, 129 Ill. App. 626; Langford v. Freeman, 60 Ind. 46, 55.

Affirmed.