VAN ZANDT *v.* MORRIS.

(In Banc.   March 27, 1944.)

[17 So. (2d) 435.   No. 35581.]

Snow & Covington, of Meridian, **J. P. Stennis**, of Macon, and **L. P. Spinks**, of DeKalb, for appellant.

L. L. Martin, of Macon, and **Wilbourn, Miller & Wilbourn**, of Meridian, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Melvin Van Zandt procured three life insurance policies of $5,000 each from the Lamar Life Insurance Company, payable to his wife as beneficiary. Upon the death of his wife he named L. B. Morris as beneficiary. After the death of the insured, Morris filed his bill against appellant, the administrator of the estate of the insured, and the Lamar Life Insurance Company for payment of the policies, alleging that the insurer was withholding payment because of a suit against it by the administrator. The latter filed answer and cross-bill, and the insurer with its answer filed a cross-bill of interpleader and tendered the net amount due, $14,459.63, into court.

The following facts are among those agreed to by the parties: The policies which were in force at the death of the insured provided that the insured could at any time with or without the consent of the beneficiary, change the beneficiary, such change to be effected upon endorsement thereof upon the policy. This provision included the following clause: ''No person shall be designated as beneficiary in this policy unless such person shall have an insurable interest in the life of the insured.'' It is conceded that appellee had no insurable interest in the life of the insured, and that no question of public policy is involved.

The endorsement changing the beneficiary was duly made by an officer of the insurer after an exchange of correspondence between the insured and the company, in which, in answer to specific inquiries, the insured stated that Morris was not a relative, but was his physician and friend. The application for such change, and the endorsement effecting it were in order, and the endorsement executed by the assistant secretary designated the beneficiary as ''Lawrence Boling Morris, friend of the

insured, if living, otherwise unto the executors, adminis-
trators or assigns of the insured." In this connection
there is a pertinent provision in the application which
is made a part of the contract. It states, ". . . the
. . . assistant secretary of the company can make,
modify or discharge contracts, or waive any of the com-
pany's rights or requirements . . ."

Disregarding other allegations and contentions, the is-
sue narrows to the point whether, in the face of the
provision that any beneficiary "shall have an insurable
interest in the life of the insured," the designation of
Morris was valid. The trial court upheld the claim of
Morris, and awarded decree to him for the amount ten-
dered.

In deciding the point we must brush aside those cases
involving fraternal or benefit insurance where the policies
are integrated with and made subject to existing by-laws
or constitutions, and are thereby limited to a particular
class of beneficiaries. Such limitations take into account
the theory and purpose of such associations, as expressed
in their own constitutions. See Henderson v. Woodmen
of Union, 163 Miss. 210, 141 So. 345; Hawkins v. Duberry,
101 Miss. 17, 57 So. 919; Freeman v. Barnett, 146 Miss.
849, 112 So. 161, 52 A. L. R. 375; Appleman, Insurance
Law and Practice, vol. 2, Sec. 901. Nor are those cases
in point which ground such policies upon particular
statutes. See Rose v. Watkins, 78 Miss. 401, 29 So. 397;
Carson v. Vicksburg Bank, 75 Miss. 167, 22 So. 1, 37 L. R.
A. 559, 65 Am. St. Rep. 596. Appleman, op, cit. supra,
vol. 2, Sec. 833, p. 208; Cooley, Briefs on Insurance (2nd
Ed.), vol. 2, p. 864 sqq.

An insurer is free to issue its old line policies to whom-
ever it chooses, and its insured is free to make the pro-
ceeds of his own policy, contracted for by him, payable
to anyone whom he may select. Murphy v. Red, 64 Miss.
614, 1 So. 761, 60 Am. Rep. 68; Davis v. Gulf States Ins.
Co., 168 Miss. 161, 151 So. 167; Grant v. Independent Or-
der of Sons & Daughters of Jacob, 97 Miss. 182, 52 So.

698; 37 C. J. 389, Sec. 53; Appleman op. cit. supra, vol. 2, Sec. 761, p. 81; Cooley, op. cit. supra, vol. 2, p. 336. The insurer may of course embody in its contract any lawful restrictions upon assignment or payment or, having written them in, may write them out by waiver or modification. The policies here provided that the contract included not only the original policy agreement but any rider or endorsements. The policies were not taken out by the beneficiary upon the life of the insured, but by the latter upon his own life, and, upon the death of his wife, who did not have a vested interest in the policy, and in the absence of any intervening interest of creditor or assignee, the parties to the insurance contract agreed to its change and modification. There being no extraneous domination of the contractual rights by statute, constitution or by laws, the power to contract was submissive only to public policy. Since the last named restraint is conceded not to override the amended contract, we are returned again to the question whether the original requirement that the beneficiary must have an insurable interest in the life of the insured is irrevocable even by the insured.

There should exist no doubt that the insurer could have omitted this requirement from its policies as originally written. Since no public interest dictates the inclusion of this provision, it could be to the interest of no one other than the insurer. 37 C. J., p. 398. Since it had the right to execute new contracts payable to appellee, it had the right to modify those existing. The policy is not rendered void by a contrary designation. We have held that in contracts of the kind here the insurer alone may avail of provisions inserted for its benefit. Hall v. Allen, 75 Miss. 175, 22 So. 4, 65 Am. St. Rep. 601; Murphy v. Red, 64 Miss. 614, 1 So. 761, 60 Am. Rep. 68; White v. White, 111 Miss. 219, 71 So. 322; Bank of Belzoni v. Hodges, 132 Miss. 238, 96 So. 97; Neely v. Pigford, 181 Miss. 306, 178 So. 913, 915, 122 A. L. R. 1188, and authorities cited; Appleman, op. cit. supra, vol. 2, Sec. 1061;

Faulkner v. Faulkner, 192 Miss. 358, 5 So. (2d) 421; 32 C. J., Sec. 206, p. 1112; 37 C. J., p. 398, Sec. 69; 29 Am. Jur., Insurance, Sec. 320, p. 291.

Wherefore we need not seek additional support for these conclusions in implications of waiver consequent upon the paying of the proceeds by the insurer into court. Its only relevant significance here can be restricted to the fact that its act of voluntary payment is consistent with its assumption that it had and exercised the right to make and modify its own contract with the insured.

Affirmed.