## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 94-CT-01240-SCT

*J. STUART CUNDIFF AND AMERICAN REPUBLIC*
*LIFE INSURANCE COMPANY*

*v.*

*NORMA TALLANT CAIN, ADMINISTRATRIX OF*
*THE ESTATE OF SCOTTY S. TALLANT, DECEASED*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/23/94 |
| TRIAL JUDGE: | HON. DON GRIST |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN HAND DUNBAR |
| | LOUIS H. WATSON, JR. |
| ATTORNEY FOR APPELLEE: | CLIFTON R. EASLEY, JR. |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED - 01/15/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/24/98 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This matter comes before the Court on a petition for writ of certiorari filed by Norma Tallant Cain in an action originally brought to determine the rightful beneficiary of a life insurance policy with American Republic Life Insurance Company taken out on the late Scotty Tallant by his former father-in-law, J. Stuart Cundiff, without his knowledge or authorization. Reversing and rendering the decision of the Lafayette County Chancery Court, the Court of Appeals found that Tallant's estate was not entitled to the policy proceeds and further, that only the insurance company had standing to raise the issue of insurable interest. Although the chancellor erred in applying Miss. Code Ann. § 83-5-251 (Supp. 1993), he properly found that the estate could challenge payment of benefits to Cundiff and that the policy proceeds were payable to the estate of Scotty Tallant, the policy owner. Accordingly, we reverse the decision of the Court of Appeals and reinstate the chancellor's order as to American Republic.

I.

¶2. On July 20, 1990, Stuart Cundiff purchased a $25,000 life insurance policy on his son-in-law, Scotty Tallant. Cundiff listed himself as beneficiary on the policy.[1] In the presence of the American Republic agent, Cundiff forged Tallant's signature on the policy application. Although Tallant lived in Oxford, Mississippi, a Hartsville, Indiana address was provided on the policy application and the policy was delivered to Cundiff at his Indiana address. Whether Tallant or his wife, Cundiff's daughter, knew of the policy is disputed. In January, 1991, three months after the Tallants divorced, Scotty Tallant was killed in an automobile accident. Norma Tallant Cain, administratrix of her son's estate, received notice of the policy through American Republic's routine investigation after Cundiff made a claim for the policy proceeds. She advised the insurer of the circumstances under which the policy was issued and requested that settlement of the claim be withheld until the matter was fully investigated. American Republic, nevertheless, paid the benefits to Cundiff.

¶3. Cain filed a complaint against Cundiff and American Republic on June 18, 1991, in the Lafayette County Chancery Court. She alleged that the policy was a fraud upon the estate and that Cundiff did not have an insurable interest and that the estate was entitled to the policy proceeds. The chancellor agreed and further, found that because American Republic had paid the claim, it was estopped from denying its obligation to pay death benefits. The result was a joint and several judgment against Cundiff and American Republic for the amount of the death benefits, payable to the estate, as well as for prejudgment interest from the date of Tallant's death.

¶4. Cundiff and American Republic appealed. The Court of Appeals found that the chancellor erred in relying on Miss. Code Ann. § 83-5-251, which did not go into effect until March 15,1993, after the operative facts of this case. The Court of Appeals noted that while it was a close call as to whether Cundiff had an insurable interest in Tallant's life, it was not necessary to reach that issue to resolve the case. It was the Court of Appeals' opinion "that the insuring company is the sole entity with standing to raise the issue of the existence of an insurable interest," and further, that "American Republic's election to pay a dubious but arguable valid claim for death benefits did nothing to give rise to an independent cause of action for the death benefits on behalf of the insured's estate."

¶5. Cain's petition for rehearing was denied on March 26, 1996. She filed a writ of certiorari in this Court on April 11, 1996, asserting that the case raises issues of first impression involving fundamental issues of broad public importance which should have been decided by the Supreme Court.

III.

¶6. Miss. Code Ann. § 83-5-251 (Supp. 1993) provides as follows for the procurement of a life insurance policy and the right of the insured or his estate to bring an action to recover policy benefits:

> (1) Any individual of competent legal capacity may procure or effect an insurance contract upon his own life or body for the benefit of any person, but no person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under such contract are payable to the insured or his personal representatives or to a person having, at the time when such contract was made, an insurable interest in the insured.

> (2) If the beneficiary, assignee or other payee under any contract made in violation of this section receives from the insurer any benefits from such contract accruing upon the death,

disablement or injury of the insured, the insured or his executor or administrator may maintain an action to recover such benefits from the person so receiving them.

In relying on § 83-5-251 (2) to find that Tallant's estate could maintain an action to recover benefits paid to Cundiff, the chancellor improperly applied a statute not in effect at the time the policy was taken out or the benefits paid. However, pursuant to Miss. Code Ann. § 83-5-257 (Supp. 1993), "[s]ections 83-5-251 through 83-5-257 are cumulative of existing law in Mississippi, statutory and common law on the question of insurable interest." We find that despite the incorrect application of the statute, the chancellor did not err in finding that Tallant's estate had the right to challenge the payment of proceeds from a policy he owned to Cundiff and to raise the question of insurable interest.

¶7. Most authorities provide, as a general proposition, that only the insurance company which issued the life insurance policy can raise the issue of insurable interest.

> The question of the lack of insurable interest in a life insurance policy may be raised only by the insurance company, and, where the company recognizes the validity of the policy, as by paying the amount thereof to the person named therein or into court, ordinarily adverse claimants to the fund may not raise the objection of lack of insurable interest.

44 C.J.S. Insurance § 244 (1993); *Neely v. Pigford*, 181 Miss. 306, 313, 178 So. 913, 914 (1938). However, as in *Neely,* where an employer was found to have an insurable interest in its employees so as to permit it to take out accident insurance policies on them payable to the insurer, the applicable case law does not address those instances where there have been allegations of fraud or deception as alleged in the case *sub judice.* As now codified at § 83-5-251 (2), in those instances where an insurance policy may have been procured in violation of the law, we find that the insured or his estate should have standing to recover the benefits paid to some other beneficiary.

¶8. The policy insuring Scotty Tallant provided that "You, the Owner, are the person named as such in the application of this policy. You own this policy while you are alive. If no Owner has been named in the application, the Insured will be the Owner." No other "Owner" was named in the policy. The Owner/Insured, among other provisions, had the right to name or change the beneficiary, to choose or change the Death Benefit Option and to choose how benefits would be paid. *See* 2 Appleman, *Insurance Law and Practice* § 771(1966)(right to designate beneficiaries generally is vested in the owner/insured and is a contractual matter between the insured and the insurer). The policy further provided that "[i]f there is no Beneficiary when the Insured dies, the Death Proceeds will be paid to you or your estate." The plain language of the policy gave Tallant, the Owner/Insured, control over how and to whom any benefits under the terms of the policy should be paid. Tallant, or his estate, therefore, under the terms of the policy, had standing to raise the issue of insurable interest.

IV.

¶9. Generally, when the designated beneficiary is disqualified for any reason, courts will look to the language of the insurance contract, itself, to determine to whom benefits should be paid. *Life & Casualty Ins. Co. v. Martin*, 603 F. Supp. 281, 285 (E.D. Mo. 1985); *Andrews v. American Health & Life Ins. Co.,* 372 S.E. 2d 399 (Va. 1988). The policy language of the contract insuring Scotty

Tallant provided that in the event there was no beneficiary at the time of the insured's death, benefits would be payable to his estate. The chancellor correctly reasoned that if Cundiff had no insurable interest and should not have taken out the policy, much less name himself as beneficiary, there was no beneficiary and the proceeds of the policy are payable to Tallant's estate. Regardless of whether Cundiff had an insurable interest in his son-in-law at the time he took out the policy with American Republic, the fact remains that he was not a beneficiary designated by the Owner/Insured as provided by the policy. For all intents and purposes, there was no beneficiary at the time of Tallant's death and the proceeds of the policy rightfully belong to his estate. American Republic, having paid benefits to Cundiff despite its agent's knowledge of the circumstances under which the policy was procured and Mrs. Cain's request to withhold payment of the policy proceeds until further investigation was made, is now judicially estopped from avoiding the policy. *See Federated Mutual Ins. Co. v. Davis,* 919 F. Supp. 1001 (S.D. Miss. 1995)(insurer, by its conduct, may be estopped from asserting defenses that might otherwise be available to it).

¶10. The policy benefits are owed and payable to the estate of the insured/policyowner by the insurance company. *Valley Forge Ins. Co. v. Strickland*, 620 So. 2d 535, 538-539 (Miss. 1993). *See also Necaise v. U.S.A.A. Casualty Co.*, 644 So. 2d 253, 257 (Miss. 1992)(Insurer's "duty is to pay benefits to the party with whom it contracted."). We therefore reinstate the chancellor's order to the extent that American Republic is liable to the pay the policy benefits owed to the estate, together with interest accrued from the date of Tallant's death.

V.

¶11. Although the chancellor erroneously applied § 83-5-251 (2) to events transpiring before the effective date of the statute, he correctly found that Tallant's estate could challenge the insurer's payment of policy proceeds to Cundiff and that those benefits, instead, should have been paid to the estate. Accordingly, we reverse the decision of the Court of Appeals and reinstate the chancellor's opinion as to American Republic.

¶12. **REVERSED AND CHANCELLOR'S ORDER REINSTATED AS TO APPELLANT, AMERICAN REPUBLIC LIFE INSURANCE COMPANY.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS AND MILLS, JJ., CONCUR. SMITH AND WALLER, JJ., NOT PARTICIPATING.**

1. Cundiff contends that he obtained the policy for the benefit of his daughter's child from a previous marriage in as much as Tallant contributed toward her support.