8203

HUMPHRIES v. SETTLEMEYER.

1. REAL PROPERTY.—The *lex rei sitae* controls the descent and testa- mentary disposition of real property.

2. IBID.—DEVISE TO ILLEGITIMATE CHILDREN.—The statute in this State, section 2487 of Code of 1902, prohibiting a devise to an illegitimate child of more than one-fourth part of the clear value of testator's estate as against his wife should be applied only to lands lying in this State, and where a testator leaves a will in North Carolina con- taining a devise of lands in both States to his illegitimate child, only the lands in this State should be taken into account in determining how much land in this State the illegitimate can take.

3. IBID.—VALUE OF LIFE ESTATE.—In estimating the value of a devise to an illegitimate child on condition that she lives to the age of twenty-one years and if not then over, it is proper to fix the value of her interest before her majority at the proportion of the value of the fee simple to the time she has yet to live to make up her majority. That the chances of life of a child increases as it approaches its majority cannot be considered here as there was no evidence on that point and because the mortuary table commences with ten years.

Before WATTS, J., Spartanburg, June, 1911.    Affirmed.

Action by Mary Humphries against Nellie G. Settlemeyer and S. L. Settlemeyer.    Defendants appeal.

*Mr. Stanyarne Wilson,* for appellants, cite: 36 Cyc. 1110-11, 1145, 1175-80, 1114; 4 McC. 64.

*Messrs. Butler & Hall,* contra, cite: 1 Jar. on Wills 10, 11; 28 S. C. 551; Story Con. L., sec. 474; 24 L. Ed., U. S. 192; 16 Cyc. 616.

May 6, 1912.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    S. R. Humphries, a resident of North Carolina, died in 1909, leaving valuable lands and considerable personal property in that State and several tracts of land in this State.    By his will be devised and bequeathed his property to Mary Humphries, his wife, Nellie G. Settlemeyer, his illegitimate child, and V. A. Humphries, his nephew.    His heirs were his wife and a number of brothers and sisters.    This action was instituted by the widow to have declared null and void all devises to the bastard child, Nellie G. Settlemeyer, in excess of one-fourth of the value of the lands devised, under the following statute of the State:

"If any person who is an inhabitant of this State, or who has any estate therein, shall beget any bastard child, or shall live in adultery with a woman, the said person having a wife or lawful children of his own living, and shall give, by legacy or devise, for the use and benefit of the said woman with whom he lives in adultery, or of his bastard child or children, any larger or greater proportion of the real clear value of his estate, real or personal, after paying of his debts, than one-fourth part thereof, such legacy or devise shall be null and void for so much of the amount or value thereof as shall or may exceed such fourth part of

his real and personal estate.'" Civil Code 1902, sec: 2487.

The referee and the Circuit Judge concurred in holding that the statute affected only the land in this State, and that in enforcing it the lands in North Carolina were not to be taken into the account. There can be no doubt of the correctness of this conclusion. The rule is well established that the *lex rei sitae* controls the descent and testamentary disposition of real property, and in view of this rule it must always be considered that there is a very strong presumption against any attempt by one State or nation to legislate with respect to the rights of even its own citizens in or concerning lands situated in another State or country.

A child may be legitimate under the law of one State or country and be illegitimate under the laws of another. As his right to take real estate depends upon the *lex rei sitae* he may take land by devise as a legitimate in one State, and as an illegitimate be deprived of land devised to him in another State or nation. Even where the test of legitimacy is the same in both States or nations the extent to which an illegitimate may take property devised varies widely in different jurisdictions.

The public policy of this State, as expressed in its statute law, is to restrict an illegitimate's capacity to take by devise to one-fourth of the estate of his father, but not to extend the disability further. The public policy of another State may be to allow the illegitimate to take the entire property devised to him without limitation, or to prohibit him from taking any property devised. Whether the policy of another State with respect to property subject to its laws is wise or not, or whether it accords with the public policy of this State are questions not to be discussed or considered in the Courts of this State.

If in ascertaining the rights of an illegitimate under the laws of this State the value of land in another State devised to the illegitimate, and which he may take under the law of

that State, is to be added to the value of the devised land in this State, and then subtracted from the one-fourth of the aggregate, it is obvious that an illegitimate might be deprived of all the property devised to him in this State, when the statute contemplates that he may take one-fourth; and, on the other hand, he might take by devise the entire land of his father in this State, if the value of land in another State be added to the value of lands in this State, and the illegitimate be allowed to take in this State land not exceeding in value one-fourth of the whole. It seems, therefore, perfectly evident that the statute of this State should be construed to deal only with property in this State, and that the Courts of this State have no concern with lands in North Carolina. *Blount* v. *Walker*, 28 S. C. 545, 6 S. E. 558.

Another question made by the appeal is as to the method of valuation of the interest devised to the illegitimate child in the following clause of the will, devising a tract of 335 acres: "The aforementioned Nellie G. Settlemeyer to have possession of said lands, tract No. 4, upon the death of the testator, and if I die before she is 21, my nephew, V. A. Humphries, is to have control of said lands for her, to rent and lease the same and apply the proceeds of said land to the educating and support of her, the said Nellie G. Settlemeyer, who is at this date, one year, eight months and thirteen days old, and should she die before 21 years of age, the foregoing bequeathed property shall go to V. A. Humphries, my nephew." At the date of the decree Nellie G. Settlemeyer was about twelve years of age, and her title will fail if she should die before attaining the age of twenty-one years. The referee and the Circuit Judge adopted twenty-one years from birth as representing the full fee simple value of the land, and we think this was correct, because the estate became absolute upon the completion of twenty-one years of her life. Nellie having passed twelve years, that is twelve twenty-

firsts of the time, there remained to her the risk of not living the remaining nine years, nine twenty-firsts of the period. The Circuit Judge on this basis took twelve twenty-firsts of the value of the fee simple as the value of the devise of tract No. 4. Against this finding counsel for the plaintiff argued that the danger of death before reaching twenty-one years was greater in infancy, and had decreased every year up to the date of the decree, and, therefore, the value of the interest in tract No. 4 devised was at the date of the decree greater than twelve twenty-firsts of the fee simple value. This may be true, but there was no evidence before the Court on the subject. The mortuary tables adopted by statute (24 Stat. 96) commence with the age of ten, and afford no basis of ascertaining the rate of decrease of risk of death from infancy to twelve and from twelve to twenty-one years of age.

As the evidence on the subject did not extend beyond the ascertainment of the age of Nellie, and of the age at which, if she survived, the uncertainty of her taking would end, and the estimate of the value of the fee simple, the Circuit Court had no basis for any other conclusion than that the value of the estate devised was equal to twelve twenty-firsts of the value of the fee simple.

The judgment of this Court is that the judgment of the Circuit Court be affirmed, with leave to the parties to apply to the Circuit Court for such orders as may be necessary for protection of their interests.

MR. JUSTICE WATTS *disqualified.*