## In re SUN LIFE ASSUR. CO. OF CANADA et al.

### Appeal of ROBINSON.
### No. 14745.

Court of Appeal of Louisiana. Orleans.
June 11, 1934.

Daly & Hamlin, of New Orleans, for appellant.

Leo W. McCune, of Gretna, for Cora Taylor and Alice Robinson.

Lemle, Moreno & Lemle, of New Orleans, for Sun Life Assur. Co.

JANVIER, Judge.

Sylar Robinson, at his death, left a policy of life insurance in which he named as beneficiary Cora Taylor and Alice Robinson. Originally, his lawful wife, Lydia Robinson, had been named as beneficiary. Later he had named, as additional beneficiary, an illegitimate daughter, Alice Robinson, and still later he had eliminated Lydia Robinson, the wife, as a beneficiary, and had substituted in her place Cora Taylor, his concubine, with whom he had been living in open adultery.

His wife, Lydia Robinson, his concubine, Cora Taylor, and his illegitimate daughter, Alice Robinson, all survived him. The insurance company, following the provisions of Act No. 123 of 1922, deposited the proceeds of the policy in the registry of the Twenty-Fourth judicial district court for the parish of Jefferson and cited the three named persons, the widow, the concubine, and the illegitimate daughter, calling upon each to appear and to assert her right to the fund, or to any part thereof. Each appeared and presented a claim.

There has since been a settlement in which all of the parties have concurred and under it one-half of the proceeds, or $750, has been paid over to the daughter. The matter was then tried in the district court and judgment was rendered in favor of Cora Taylor, the concubine, and against Lydia Robinson, the wife. Under this judgment, the balance, $750, was ordered turned over to Cora Taylor.

The widow contends that the naming of a beneficiary in a policy of life insurance is a donation mortis causa and that, by article 1481 of the Civil Code, such donation to one with whom the deceased has been living in open concubinage is limited to one-tenth of the value of the estate.

It is conceded by counsel for the widow that in Sizeler v. Sizeler, 170 La. 128, 127 So. 388, this same contention was presented to the Supreme Court and was rejected by that court, which said:

"* * * The rules of our Civil Code relating to donations inter vivos and mortis causa have no application to life insurance policies, and there is no law of this state that prohibits any person from insuring his life in favor of any beneficiary that he may select."

We are urged to distinguish the Sizeler Case on the theory that the concubines there were in good faith and actually attempted to contract a legal marriage, whereas here the relationship was not only open and notorious, but scandalous in the extreme.

We conclude, from a reading of the Sizeler decision, that there were, it is true, certain conditions which indicated that when Otto Sizeler and his niece, Annie Fels, of Louisiana, were married in Rhode Island, they may have actually believed that their marriage was legal, and it also appears that later they lived in Louisiana as husband and wife, whereas here there was no attempt to legalize the relationship to which was attached no semblance of respectability and none of the attributes of the conjugal relationship, except cohabitation.

But the decision in the Sizeler Case makes it impossible to make a distinction. In fact, there the court found it unnecessary to determine whether there had been good or bad faith, saying:

"Under our view of the case, we do not find it necessary to pass upon the validity of the marriage contracted between Otto Sizeler and his niece in the state of Rhode Island, nor to determine whether the same was entered into in good faith by either of the contracting parties."

Furthermore, we find that in the Sizeler Case the doctrine announced in New York Life Ins. Co. v. Neal et al., 114 La. 652, 38 So. 485, is expressly overruled. In the Neal Case the situation was exactly the same as is found in the case at bar, and the Supreme Court decided that article 1481 of the Civil Code was applicable to the situation and that the rights of the concubine should be limited to one-tenth of the estate. Therefore, when in the Sizeler Case the Supreme Court expressly overruled the decision in the Neal Case, it is evident that that court intended to reject for the future the reasoning which appeared in the Neal decision.

If, then, the good or bad faith of the parties is not to be a factor, the claim of the widow that the concubine cannot be recognized as beneficiary must be rejected.

■ So far as the insurance company is concerned, it has cited all parties who may have an interest, or may make claim to the proceeds of the policy, and it is therefore entitled to a judgment protecting it, which judgment was rendered in the district court.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.

Affirmed.