## PRUDENTIAL INS. CO. OF AMERICA v. TAYLOR et al.

### Civ. A. No. 619.

District Court, W. D. Louisiana, Shreveport Division.

May 13, 1942.

Melvin F. Johnson and J. Edwin Bailey, Jr., both of Shreveport, La., for plaintiff.

Aubrey Pyburn and George Thurber, both of Shreveport, La., for defendants.

DAWKINS, District Judge.

The complainant has deposited in this court the sum of $1,800, proceeds of an insurance policy upon the life of one Robert McAdams, and cited defendants, Geneva Taylor, a citizen of Louisiana, Dorothy McAdams Sipsey and Dicie McAdams, both citizens of California, as claimants to said fund to litigate their rights in this jurisdiction.

Defendant Geneva Taylor has moved for summary judgment, and the matter has been submitted upon the pleadings, plus certain documents supporting those allegations. The insurance company has been discharged.

There is no dispute as to the facts: On March 27, 1937, a certificate was issued to the deceased on a group life insurance policy in which his daughter, Dorothy McAdams, was named as beneficiary. On November 18, 1941, the beneficiary was changed to Geneva Taylor, who has been referred to as the common-law wife of the insured, with whom he had been living for some time. The other defendant, Dicie McAdams, was the undivorced wife, and both she and the daughter are claiming the proceeds of the insurance.

▪ The sole question is one of law as to the right of the deceased to make Geneva Taylor, his concubine, as she is known to the Louisiana law, beneficiary of the insurance to the prejudice of his daughter and lawful wife. It is purely a matter of State law, and this court is bound by the decisions of the State's highest courts. In Sizeler v. Sizeler, 170 La. 128, 127 So. 388, 389, the plaintiffs were the children by a first wife, and the defendant the putative wife of the deceased to whom he was married in the State of Connecticut, while both were citizens of Louisiana. They were uncle and niece, respectively, and being members of the Orthodox Jewish faith, went to Connecticut, whose laws did not prohibit, and were married by a Rabbi. Their marriage was also sanctioned by the Rabbinical Law. The Supreme Court of Louisiana found it unnecessary to pass upon either the validity of the marriage or the good faith of the parties in contracting it for the reason that the Articles of the Civil Code with respect to donations as between the donor and his concubine have no application. Rev.Civ. Code La. Art. 1481. In disposing of the matter, the court spoke in part as follows:

"As the proceeds of life insurance policies form no part of the estate of the deceased, and inure to the beneficiary 'directly and by the sole terms of the policy itself,' the right of the defendant to the avails of the policies in this case does not arise from legal coverture, nor from the civil effects of marriage contracted in good faith, but solely from the terms of the policies in which she has been named the beneficiary by the decedent. Whether the marriage of defendant to Otto Sizeler was valid or invalid has nothing to do with the case, and whether such marriage produced civil effects or not, as the result of the good faith of defendant in contracting it, is also beside the question.

"Since the estate of the de cujus was insolvent, and as the proceeds of the policies in this case formed no part of his estate it is difficult to conceive that there was anything in his succession to be disposed of by donation mortis causa unless, perchance, donations of this character may spring from such stuff as dreams are made of. As said in the Succession of Hearing, 26 La.Ann. 326: 'A policy of insurance is not a piece of property; it is the evidence of a contract, the contract being that a certain sum of money will be paid upon the happening of a certain event, to a particular person, who is named in the policy, or who may be the legal holder thereof.'"

The court reviewed the jurisprudence of the State and specifically overruled the case now relied on by the defendants, to-wit: New York Life Insurance Co. v. Neal et al., 114 La. 652, 38 So. 485. The Court of Appeals for the Parish of Orleans in two cases has since followed the ruling in Sizeler v. Sizeler, supra. See Grayson v. Life Insurance Co. of Virginia, La.App., 144 So. 643, and In re Sun Life Assur. Co., La. App., 155 So. 399.

▪ It is true that Geneva Taylor was not only a concubine, but was also living in adultery with the deceased, since he had a living wife from whom he had never been divorced. However, no more reason exists in the present case for the application of the Articles of the Civil Code relied upon than in those decided by the State courts.

For the reasons assigned, there should be judgment decreeing Geneva Taylor owner of the proceeds of the insurance deposited in this court.

Proper decree should be presented.