## ACACIA MUT. LIFE ASS'N v. WALKER et al.

### Clv. No. 165.

District Court, N. & S. D. West Virginia.

July 6, 1942.

Maxwell W. Flesher, of Huntington, for intervening petitioner Willis Funeral Home, Inc.

McDaniel Purcell, of Huntington, for defendants R. P. Asbury, administrator, and Donald Saunders.

HARRY E. WATKINS, District Judge.

The only issue remaining in this case is whether the Willis Funeral Home, the undertaker who buried Milton Walker, deceased, is limited to recovery of only $300 under West Virginia law, or is entitled to recover $830.02, the full amount of its funeral bill, from the proceeds of a life insurance policy carried by Walker.

At the time of his death the beneficiary of the insurance policy was "my nephew, Donald Saunders, after my Funeral expenses are paid out of same. * * *" Donald Saunders and the administrator admit that $830.02 was a fair and reasonable charge for the funeral services rendered, but say (1) the funeral was too elaborate for a man with an estate of only about $5,700, and (2) the undertaker is limited to recovery of only $300 out of such insurance money by reason of Ch. 44, Art. 2, Sec. 6 of the West Virginia Code, which reads, in part, as follows: " * * * Provided, however, That where funeral expenses of a decedent exceed three hundred dollars, his estate shall not be liable for the excess, unless his personal representative, after qualification, ratifies in writing the contract under which such excess expenses were incurred."

Petitioner filed its claim for the full amount of its bill before the commissioner of accounts charged with settling the estate, but only $300 was allowed as a charge against the estate because the administrator refused to ratify the balance of the bill. Thereafter, the sum of $300 was paid out of the estate on the funeral bill by the administrator. On the theory that the funeral director was a beneficiary of the insurance, the estate was subsequently reimbursed out of the insurance money by payment of a like sum to the administrator. Petitioner now seeks to recover the balance of its bill of $530.02 out of the insurance money paid into court.

It is clear that the West Virginia statute does not say that a funeral bill for more than $300 is illegal or improper, but simply limits the liability of an estate to $300 where the funeral bill exceeds that amount, unless the surplus is ratified by the administrator. The commissioner quite properly limited the liability of the estate to $300 in this case. This is a proceeding to recover the balance of the funeral bill as beneficiary in an insurance policy, as distinguished from recovery from the estate. Since the insurance money is no part of the estate, the statute cited is not applicable to this case. The purpose of this statute is to protect the creditors of an estate against excessive funeral bills, not to favor one beneficiary over another in an insurance policy.

Under the insurance contract, the proceeds were to be first applied to funeral expenses without limitation or condition, and the residue was to go to Donald Saunders. No fraud on the part of the funeral director is charged. To give the funeral director less than the fair value of services rendered, and thereby increase the amount payable to Donald Saunders would vary the terms of the insurance contract. There is no merit in the argument that the funeral provided was too elaborate. Under the views expressed, the administrator had no interest whatever in the proceeds of this policy. Certainly, Donald Saunders, the only other party in interest is not in a very good position to say that a smaller amount should have been spent to bury his deceased uncle, and that more of the money should have been paid to him.

The authorities cited by Donald Saunders are not in point. All of them are cases where claims were made against the estate itself, as distinguished from insurance benefits which constitute no part of the estate.

The petitioner is entitled to recover the balance due him for funeral services rendered out of the insurance money paid into court.