GUARDIAN NATIONAL LIFE INSURANCE COMPANY, PLAINTIFF,
v. LAURA EDDENS, APPELLEE: JAMES EDDENS, ADMIN-
ISTRATOR, APPELLANT.

13 N. W. 2d 418

FILED MARCH 3, 1944. No. 31680.

*Frank C. Yates,* for appellant.

*John C. Barrett* and *Allen, Requartte & Wood, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

This is an action to determine whether the named beneficiary in a life insurance policy or the administrator of the estate of the insured shall receive the benefits. The trial court held for the beneficiary. The administrator appeals. We affirm the judgment of the trial court.

In 1932, Laura Richey, wife of Ben Richey, began living with Alex Eddens and continued thereafter to live with him until Eddens' death in 1942. She was known as his wife and went by the name of Laura Eddens.

In February, 1934, Eddens applied for and was issued a life insurance policy on his own life with the beneficiary named "Laura Eddens" and the relationship "wife."

Eddens died in May, 1942. Both Laura Eddens and the administrator of the Eddens' estate demanded the proceeds of the policy. The insurance company brought an action to

determine the controversy and tendered the money into court. The defendants were ordered to interplead and present their claims. The money was paid into court.

The administrator contends that there is no such person as Laura Eddens; that the insured did not have a wife; and that Laura Richey did not have an insurable interest in the life of Eddens.

There is no question but that she, who, as Laura Eddens, claims the benefits of this policy, is and was in fact the wife of Richey, and that Eddens did not have a wife. There is also no question but that she is the party intended by the insured to receive the benefits of this policy. Section 44-102, Comp. St. 1929, defines insurable interest as used in the insurance code as follows: " 'Insurable interest' in the matter of life and health insurance exists when the beneficiary, because of relationship, either pecuniary or from ties of blood or marriage, has reason to expect some benefit from the continuance of the life of the insured." Having defined the term, it does not appear that the legislature thereafter used it in the insurance code.

The administrator's theory is that Laura Eddens does not come within the statutory definition of one having an insurable interest as defined in the code, and, therefore, she cannot take. The administrator overlooks the fact that Laura Eddens, or Richey, whichever he prefers, did not apply for or take out the insurance on the deceased's life. He took out that insurance on his own life, designated the beneficiary and paid the premiums. Under those circumstances the rule is: "A person may in good faith and without fraud, collusion, or an intent to enter into a wagering contract, lawfully take out a policy of insurance on his own life and *make the benefit payable to whomsoever he pleases,* either himself or his estate or a third person *regardless of whether or not the latter has an insurable interest*; insured has an unlimited insurable interest in his own life which is sufficient to support the policy; * * * ." (Emphasis supplied.) 37 C. J. 389. See, also, 29 Am. Jur. 312; 1 Couch, Insurance, 780; 1 Cooley, Briefs on Insurance (2d ed.) 336.

Section 44-804, Comp. St. 1929, clearly provides for the issuance of a life insurance policy upon the application of the person insured and no limitation is made as to beneficiaries. The legislature, however, has limited the recipients of death benefits on certificates issued by fraternal societies. Comp. St. 1929, sec. 44-1207. That limitation has no application here and is referred to only in so far as it demonstrates the legislature's intent to limit the classes of beneficiaries only in fraternal society cases.

It is further urged that the beneficiary, being designated as "wife," and Laura Eddens not being the "wife," she is, therefore, not the beneficiary. We see no merit in this contention. Laura Eddens is the named "beneficiary." The term "wife" is used as descriptive of the "relationship of beneficiary to assured" (from the application) and is of use in assisting in determining the identity of the named beneficiary. 37 C. J. 567; 29 Am. Jur. 965; 2 Couch, Insurance, 1264. The use of the description "wife" does not change the fact that whether she is called Laura Eddens or Laura Richey, she is the one, the same, and the only designated beneficiary.

It is urged that because Laura Eddens lived with the insured in a state of adultery she should be denied the insurance benefits which the insured provided for her. This is a civil action. The law does not authorize the imposition of a penalty for the offense of adultery in this proceeding, nor does it fix the forfeiture of life insurance benefits as the penalty for that offense. This insurance money is payable by contract to Laura Eddens. To direct that it be paid to the administrator would be to violate the terms of the policy and the intent of the insured, and to award the money to one not designated by the insured to receive it.

The judgment of the trial court is affirmed. The costs of this appeal are taxed to the defendant administrator.

AFFIRMED.