## BYNUM v. PRUDENTIAL LIFE INS. CO. OF AMERICA (BYNUM et al., Third-Party Defendants).

### Civ. 1491.

District Court, E. D. South Carolina, Columbia Division.

Nov. 29, 1947.

N. Heyward Clarkson, Jr., of Columbia, S. C., for Mary R. Bynum.

Charles B. Elliott and Clarke W. McCants, both of Columbia, S. C., for Prudential Life Ins. Co., of America.

Nelson, Mullins & Grier and W. D. Barnett, all of Columbia, S. C., for Mary Lois Williams Lindsey.

N. A. Turner, Edward A. Harter, Jr. and John S. Nicholson, all of Columbia, S. C., for other defendants.

WYCHE, District Judge.

This action was commenced by Mary R. Bynum, as plaintiff, against The Prudential Insurance Company of America, as defendant, for the recovery of the face value of two insurance policies issued by the said defendant upon the life of Robert

L. Bynum, in which Mary R. Bynum contends that she was named, or intended to be named, as the beneficiary thereof. The defendant insurance company filed its answer in due time and thereafter Mary R. Bynum filed a demand for a jury trial.

Subsequently, on September 27, 1946, with the written consent of the attorneys for Mary R. Bynum, Judge Timmerman filed an order permitting the insurance company to amend its answer to include a counterclaim for interpleader. Pursuant thereto the insurance company filed its amended answer in which it set up an equitable defense and counterclaim for interpleader by which it alleged that the various parties made third-party defendants, in addition to Mary R. Bynum, were claiming the proceeds of the two policies of insurance, and that the insurance company had deposited into the registry of this court the face amount of the two said policies of insurance, aggregating $10,000, and, in addition thereto, interest thereon from January 6, 1946, the date of the death of the insured, to the date of the deposit of said sum into the registry of this court.

The case is now before me upon the motion of one of the Third-Party defendants, Mary Lois Williams Lindsey, for an order vacating and setting aside the demand for trial by jury, filed on behalf of Mary R. Bynum, plaintiff and Third-Party defendant, and for an order removing this action from the Civil Jury Calendar and placing the same on the Non-Jury Calendar, pursuant to Rule 39(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon the ground that the right of trial by jury in this action does not exist under the Constitution or statutes of the United States.

This motion is resisted by Mary R. Bynum. It is her contention that this action is essentially a case on the law side of the court, and that she is entitled to a trial by jury, as she has so elected.

Rule 39(a), Rules of Civil Procedure, insofar as it is here pertinent, is as follows: "(a) By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless * * * (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

The Federal Rules of Civil Procedure abolished the procedural differences between law and equity but not the differences between legal and equitable rights and remedies. Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 137 F.2d 62; Friedman v. Boyarer, D.C., 2 F.R.D. 376. The Rules do not enlarge the right of trial by jury. Fleming v. Peavy-Wilson Lumber Co., D.C., 38 F.Supp. 1001; Ettelson v. Metropolitan Life Ins. Co., supra; Friedman v. Boyarer, supra.

Issues formerly triable by jury as of right are still triable by jury as a matter of right, Rules of Civil Procedure, rule 38(a), 28 U.S.C.A. following section 723c whereas actions formerly triable by the court, where a right of trial by jury did not exist under the Constitution or statutes of the United States, are still triable by the court, Rule 39(a), Rules of Civil Procedure.

The question then is whether, prior to the adoption of the Federal Rules of Civil Procedure, an action in the nature of a bill of interpleader was an equitable proceeding, in which trial by jury could not be demanded as a matter of right. The decisions generally leave no doubt that an interpleader proceeding is an action in equity, or one to which equitable principles would apply, and that such equitable remedy existed even before the enactment of the Federal Interpleader Act. Boice v. Boice, D.C., 48 F.Supp. 183; Buxton v. Acadian Production Corporation, D.C., 35 F.Supp. 543; John Hancock Mut. Life Ins. Co. v. Kegan, D.C., 22 F.Supp. 326, 329.

Counsel for Mary R. Bynum suggests that this is not a proper interpleader proceeding because the defendant insurance company, who filed the counterclaim for interpleader, does not admit liability for interest but only for the face amount of the policies. The rule seems to be well established that a party who has an interest in the subject matter of the suit cannot

file a bill of interpleader strictly so called; the assertion of a perfect disinterestedness is an essential ingredient of such a bill; "but a bill in the nature of interpleader, otherwise good, is not defeated by reason of the plaintiff's personal interest in the subject matter." John Hancock Mut. Life Ins. Co. v. Kegan, supra.

Furthermore, the right of the defendant insurance company to set up by way of equitable defense a bill of interpleader or bill in the nature of interpleader against the plaintiff is expressly authorized and governed by statute. 28 U.S.C.A. § 41(26) (e) provides as follows: "In any action at law in a United States District Court against any person, firm, corporation, association, or society, such defendant may set up by way of equitable defense, in accordance with section 398 of this title, any matter which would entitle such person, firm, corporation, association, or society to file an original or ancillary bill of interpleader *or bill in the nature of interpleader* in the same court or in any other United States District Court against the plaintiff in such action at law and one or more other adverse claimants, under the provisions of paragraph (a) of this subsection or any other provision of Part I of this title and the rules of court made pursuant thereto. The defendant may join as parties to such equitable defense any claimant or claimants who are not already parties to such action at law. The district court in which such equitable defense is interposed shall thereby possess the powers conferred upon district courts by paragraphs (c) and (d) of this subsection and by section 398 of this title." (Emphasis added.)

Rule 22, Federal Rules of Civil Procedure, provides that a defendant exposed to double or multiple liability may obtain an interpleader by way of cross-claim or counterclaim.

This action by reason of the equitable counterclaim filed by the defendant insurance company has been converted into as suit in the nature of interpleader. The only issue is, which of the several parties is entitled to receive the proceeds of the insurance policies. The suit therefore, is essentially of an equitable character and

the right of trial by jury does not exist under the Constitution or statutes of the United States. Liberty Oil Co. v. Condon Bank, 260 U.S. 235, 43 S.Ct. 118, 67 L.Ed. 232; Heinemann v. Heinemann, 6 Cir., 50 F.2d 696; Irons v. Smith, 4 Cir., 62 F.2d 644.

For the foregoing reasons, I must conclude that Mary R. Bynum is not entitled to a trial by jury, and, accordingly, the motion is granted, and the Clerk of this court is hereby directed to remove this action from the Civil Jury Calendar and to place the same upon the Civil Non-Jury Calendar.