**BYNUM v. PRUDENTIAL INS. CO. OF AMERICA (BYNUM et al., Third-Party Defendants).**

**Civ. A. 1491.**

District Court, E. D. South Carolina, Columbia Division.

April 6, 1948.

58

N. Heyward Clarkson, Jr., and John C. Payne, both of Columbia, S.C., for plaintiff.

Clarke W. McCants and Charles B. Elliott, both of Columbia, S. C., for defendant, the Prudential Ins. Co. of America.

W. A. Barnett, of Florence, Ala., E. W. Mullins, of Columbia, S. C., for moving defendant, Mary Lois Williams Lindsey.

John S. Nicholson, of Columbia, S. C., for William F. Bynum, as Adm'r of estate of Robert L. Bynum.

N. A. Turner and Edward A. Harter, Jr., both of Columbia, S. C., for third-party defendant, Ruth Littles Bynum Greenwood.

WYCHE, District Judge.

The action was originally commenced by Mary R. Bynum, plaintiff, against The Prudential Insurance Company of America, defendant, seeking to recover the face value of two certificates of insurance issued to Robert L. Bynum. Upon motion of the Insurance Company, with the consent of the attorneys for Mary R. Bynum, an order was made permitting the Insurance Company to amend its answer to include a counterclaim for interpleader. Pursuant thereto, the Insurance Company filed its amended answer in which it set up an equitable defense and counterclaim for interpleader by which it is alleged that in addition to Mary R. Bynum the various other parties made third-party defendants were claiming the proceeds of the two policies of insurance. The action was thereby converted into an equitable proceeding and the case was tried to the Court without a jury. Bynum v. Prudential Insurance Company of America, et al., D.C., 7 F.R.D. 585.

The present contest is between the following claimants to the insurance proceeds: Mary R. Bynum, the insured's mother; Ruth Littles Bynum Greenwood, his widow; William F. Bynum, the administrator of his estate; and Mary Lois Williams Lindsey, a woman with whom he had lived for a considerable period of time, as man and wife.

The facts are practically undisputed and are substantially as follows: The Insurance Company had executed two group policies of insurance to Walter Kidde & Company, Inc., and its subsidiary companies, one insuring the lives of its employees, and the other providing certain benefits for accidental death and injury. Robert L. Bynum was one of Kidde & Company's employees, engaged in working for said company at the time of the issuance and delivery of the two certificates of insurance hereinafter mentioned.

On January 16, 1945, two certificates of insurance, each in the face amount of $2,000, were issued to Bynum under the two group policies and the same were in force at the time of his death in January 1946. The policies were issued pursuant to a written application made by the insured in which he designated as beneficiary "Mary L. Bynum, wife of the insured". In one of the policies the beneficiary was designated as "Mary L. Bynum, wife of the insured" and in the other the beneficiary was named as "Mary L. Bynum." The undisputed evidence shows that the designation, "wife of the insured", was omitted from this latter policy through error. By rider thereto, issued on May 1, 1945, the amount of insurance under each of said certificates was increased to $5,000, the terms and conditions of the said certificates otherwise remaining unchanged.

From the time of the issuance of the policies up to the death of insured the premiums thereon were paid by the employer, a part thereof being deducted from the wages of Bynum by the Company.

The Insurance Company has heretofore paid into the Registry of the Court the face amount of the two policies, aggregating $10,000, and in addition thereto interest thereon from January 6, 1946, the date of the death of insured, to the date of the deposit of said sum in the registry of this court.

Mary Lois Williams Lindsey, one of the third-party defendants herein, is a resident and citizen of the City of Florence, Alabama. Her maiden name was Mary Lois Williams and in 1939 she married one Lindsey, who is still living, and the said marriage has never been dissolved.

In the spring of 1943 she met Bynum, who was then living in Richland County, South Carolina. Several months thereafter Bynum went to Savannah, Georgia, where he became employed by one of the subsidiary companies of Walter Kidde & Company, Inc., who was engaged in ship construction at Port Winthrop, near Savannah. Mrs. Lindsey lived with Bynum there for a considerable period of time and thereafter continued to live with him as he moved from place to place until he went to Mississippi, some time during the latter part of October or November, 1944, to work on a project there being carried on by one of the subsidiaries of Walter Kidde & Company, Inc. During this period of time Mrs. Lindsey and Bynum lived together as man and wife openly and notoriously and he introduced her from time to time as his wife. He usually called her "Lois Bynum", but in the application for insurance he designated her as "Mary L. Bynum", because the application for insurance required that the first name of the beneficiary be written out in full, using the initial for the middle name if desired.

Under the undisputed evidence there is no doubt but that Mary Lois Williams Lindsey and "Mary L. Bynum, wife of the insured", are one and the same person, and that the insured made her the beneficiary under the policies.

On June 30, 1945, Bynum, who was a single man, married Ruth Littles in Mississippi, she being a citizen and resident of that state. Since Bynum's death she has remarried and is now known as Ruth Littles Bynum Greenwood. In her pleadings she alleges that since there is no person answering the complete description "Mary L. Bynum, wife of the insured", as the only lawful wife of the said Robert L. Bynum she is the beneficiary under the policy. She alleges further, that, in the event it should be held that the defendant Mrs. Lindsey is entitled to take under

the policies, Mrs. Lindsey would be limited to a sum of less than the whole under the statute law of the State of South Carolina and that she, Ruth Littles Bynum Greenwood, would be entitled to a portion of said fund, being the lawful wife of the deceased at the time of his death.

In the pleadings filed herein Mary R. Bynum, the mother, contended that she was named, or intended to be named, as beneficiary in said policies. At the commencement of the trial her counsel stated that her claim was withdrawn, and since the undisputed evidence shows that she was neither named nor intended to be named as beneficiary in the policies there is no basis in fact for her original contention that the proceeds thereof should be paid to her.

The claim of the administrator, as set forth in his answer, is that there was no such person as "Mary L. Bynum, wife of the insured", and that since under the terms of the policies, which provided that if a policy is made payable to a non-existing person then the proceeds thereof shall be paid to the administrator of the estate, the same should be paid to him.

■ I find and conclude that the defendant Mary Lois Williams Lindsey is entitled to the full proceeds of the policies as against all of the other claimants. I am convinced as a matter of law that Bynum had the legal right to name her the beneficiary of the policies even though there is no doubt that the relationship between these parties was illegal and invalid by reason of the fact that Mrs. Lindsey was during the time lawfully married to another person.

■ No point can be made as to any lack of insurable interest in Mr. Bynum's life on the part of Mrs. Lindsey. She did not take out the policies but they were applied for by Bynum and the premiums thereon were paid partly by him and partly by his employer. The applicable general rule is that every person has an insurable interest in his own life and may lawfully procure insurance thereon for the benefit of any other person whose interest he desires to promote, regardless of whether such person has an insurable interest in

his life. Rogers v. Atlantic Life Ins. Co., 135 S.C. 89, 133 S.E. 215, 45 A.L.R. 1172; Elmore v. Life Ins. Co. of Virginia, 187 S.C. 504, 198 S.E. 5; Aetna Life Ins. Co. v. France, 94 U.S. 561, 24 L.Ed. 287; Clements v. Terrell, 167 Ga. 237, 145 S. E. 78, 60 A.L.R. 969; Davis v. Gulf States Ins. Co., 168 Miss. 161, 151 So. 167; Doney v. Equitable Life Assurance Society, 97 N.J.L. 393, 117 A. 618; 29 Am.Jur. 312, Sec. 355.

■■ Furthermore, it is generally held that the question of lack of insurable interest can be raised only by the insurer. Where an insurance company pays the proceeds of a policy issued by it into the court to abide the judgment of the court as between conflicting claimants, none of the claimants to the fund is allowed to raise the objection that the beneficiary named in the policies has no insurable interest. Keckley v. Coshocton Glass Co., 86 Ohio St., 213, 99 N.E. 299, Ann.Cas.1913D, 607; Clements v. Terrell, supra; Van Zandt v. Morris, 196 Miss. 374, 17 So.2d 435; 29 Am.Jur. page 291, Sec. 320.

The claimant Ruth Littles Bynum Greenwood contends that since the policies were payable, or intended to be made payable, to the "wife of the insured", and since she was the legal wife of the insured at the time of his death (although she was not his wife at the time the policies were issued), she is the person entitled to the proceeds of the policies by reason of the beneficiary being designated "wife of the insured".

The designation of "Mary L. Bynum" as wife in the insurance certificates involved in this case was merely a further description. The designation of the beneficiary was not merely to the "wife of the insured", but a named individual, "Mary L. Bynum", with further description of the relationship as wife. There is no doubt that Mary Lois Williams Lindsey was intended to be named as the beneficiary of the policies and the testimony further shows that it was not the insured's intention to make either his mother or his subsequent wife the beneficiary of the policies.

■ The designation of Mary L. Bynum as "wife of the insured" involved

merely a misdescription of the person intended to be named as beneficiary. It is well settled that such misdescription of the person intended to be named as beneficiary does not prevent such person from receiving the proceeds of the insurance. Mutual Benefit Life Ins. Co. v. Cummings, 66 Or. 272, 126 P. 982, 133 P. 1169, 47 L.R.A.,N.S., 252, Ann.Cas.1915B, 535; Clements v. Terrell, supra, and Annotation following that case in 60 A.L.R. 977; Doney v. Equitable Life Assurance Society, supra; 29 Am.Jur. 960, Sec. 1285.

■■ It is further urged that the beneficiary, being designated as "wife", and Mary Lois Williams Lindsey, not being the "wife", she is, therefore, not the beneficiary and hence the designation of beneficiary was to a non-existing person. There is no merit in this contention. Mary L. Bynum is the named beneficiary. Her designation in the policies as wife was merely a matter of description and may be considered in determining the question who was intended to be named as beneficiary. The use of the description "wife" does not change the fact that whether she is called Mary L. Bynum or Mary Lois Williams Lindsey, the testimony in the case leaves no doubt but that she is the one, the same, and the only designated beneficiary. The fact that the beneficiary is referred to by the insured's last name instead of her own is immaterial. She is entitled, as a matter of contract, to the proceeds of the policies. Guardian Nat. Life Ins. Co. v. Eddens, 144 Neb. 339, 13 N.W.2d 418; Ester v. Prudential Ins. Co., 298 Mich. 330, 299 N.W. 96; Garland v. Craven, 156 Pa.Super. 351, 41 A.2d 140; Levas v. Metropolitan Life Ins. Co., 175 Wash. 159, 26 P.2d 1032; Prudential Ins. Co. v. Taylor, D.C., 46 F.Supp. 115; 46 C.J.S., Insurance, § 1160.

The two master policies under which the certificates were issued were executed and delivered in the State of New Jersey. The insured was residing in and working for his employer in the State of Mississippi at the time the certificates were delivered to him. On the question of whether the rights of the insured employee and his beneficiary under a group policy are governed by the laws of the state where the master

policy was issued and delivered or by the laws of the state where the certificates were delivered to the employee there is a conflict of authority, but most courts hold that the certificate issued to an employee under the master policy is not the contract of insurance and that the law of the state where the certificate is delivered has no controlling effect, but that the rights of the parties are governed and controlled by the law of the state in which the master policy is executed and delivered. Connecticut General Life Ins. Co. v. Boseman, 5 Cir., 84 F.2d 701, affirmed 301 U.S. 196, 57 S.Ct. 686, 81 L.Ed. 1036, 110 A.L.R. 732; McBride v. Connecticut General Life Ins. Co., D.C., 14 F.Supp. 240. In this case, however, it is immaterial whether the contracts are to be construed and governed by the laws of the state of New Jersey or those of Mississippi since the parties tacitly agree that if the law of either of these states is applied the contention of the claimant Mrs. Lindsey must be upheld.

The third-party defendant Ruth Littles Bynum Greenwood further contends that even though Mrs. Lindsey is the person named as beneficiary in the policies and by reason thereof entitled to the proceeds of said policies, nevertheless Mrs. Greenwood is entitled to a portion thereof by virtue of Sections 8695 and 8927, Code of Laws of South Carolina 1942.

By Section 8695 it is declared that any gift, legacy or devise in trust or by direct conveyance by a married man, having a lawful wife or children of his own living, for the use and benefit of a woman with whom he lives in adultery, or of his bastard child or children, of any larger or greater portion of the clear value of his estate, real or personal, after payment of his debts, than one-fourth thereof, "shall be null and void, only in favor of wife and legitimate children, for so much of the amount or value thereof as shall or may exceed such fourth part of his real and personal estate."

The provisions of Section 8927 are substantially the same as those of Section 8695 except that the prohibition is limited to a gift by legacy or devise. The two sections together prohibit both a gift inter vivos as well as a legacy or devise, under the circumstances set forth in the statute.

Bynum had no children but the contention of Mrs. Greenwood is that since she was the lawful wife of the insured at the time of his death (although she was not married to Bynum until approximately six months after the policies were issued and became effective) she is entitled to three-fourths of the proceeds of the policies by reason of the two sections of the South Carolina Code above referred to.

■ A gift or devise is not absolutely void under these statutes but only voidable at the election of the lawful wife or legitimate children, and the right of action is personal to them and does not inure to the benefit of any other party. Hull v. Hull, 2 Strob.Eq., S.C., 174; Taylor v. McRa, 3 Rich.Eq., S.C., 96; Williams v. Halford, 73 S.C. 119, 53 S.E. 88.

Since it is conceded by all parties that the policies were not in any event South Carolina contracts, but were either New Jersey or Mississippi contracts, the question arises whether the South Carolina statutes, which have been invoked by the claimant Mrs. Greenwood, can be applied so as to affect the proceeds of the policies of insurance to which the claimant Mrs. Lindsey is otherwise clearly entitled to.

■ As a general rule a contract is governed and controlled by the laws of the place where it is made, and the decisions of the South Carolina Court are in harmony and accord with this principle. Cantey, Admr. v. Philadelphia Life Ins.Co., 166 S.C. 181, 164 S.E. 609.

Since the South Carolina Court has not passed upon this precise question a difficult question of conflict of laws might arise as to whether this Court should apply the statutes in this case should we conclude that the failure to do so would be contrary to the public policy of the state as declared by these statutes. A further serious question of constitutional law would arise as to whether the South Carolina Court would have power to apply such statutes so as to affect the obligations of a contract made and to be performed in another state, by residents of another state, particularly where the contractual rights of the beneficiary, Mrs. Lindsey, accrued at the time the policies were issued and she was at that

time, and still is, a citizen and resident of the State of Alabama. Cf. Home Ins.Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701; and Aetna Life Ins.Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L. Ed. 342.

The Court finds, however, that the South Carolina Court has heretofore declared that a gift or devise, valid by the laws of the state where made, is not avoided by the statute. Bradley, Admr. v. Lowry, Speers Eq., S.C., 1, 39 Am.Dec. 142. The South Carolina Court has likewise held that the statute does not apply to property located in another state and that the statute should be construed to deal only with property in the State of South Carolina and that in applying the statute the courts of this state have no concern with property located in other states. Humphries v. Settlemeyer, 91 S.C. 389, 74 S.E. 892.

■ Even if the policies were South Carolina contracts it would seem clear that Section 8927 would have no application because the statute deals only with legacies and devises and refers only to the administration and distribution of a decedent's estate.

■ While a policy of insurance is in some respects in the nature of a testament, is not a testament, since the interest of the beneficiary vests under the policy at once upon its issue, whereas rights under a will do not vest until the death of the testator. Equitable Trust Co. v. Epling, et al., 168 S. C. 494, 167 S.E. 820.

■ The proceeds of a life insurance policy payable to a named beneficiary constitutes no part of the estate of the insured. Acacia Mut. Life Ins. Ass'n v. Walker, D.C., 45 F. Supp. 756.

The Supreme Court of Louisiana has held that somewhat similar statutes prohibiting gifts to a paramour, as well as a legacy or devise to such paramour, have no application to the proceeds of an insurance policy in which said paramour is named beneficiary. Sizeler v. Sizeler, 170 La. 128, 127 So. 388; Morris v. Providential Life & Acc.Ins.Co., La.App., 162 So. 443. A similar conclusion was reached by the District Court of the United States for the Western District of Louisiana in Prudential Ins.Co. of America v. Taylor, et al., D.C., 46 F. Supp. 115.

■ The cause of action which a wife has to set aside a gift or donation made to a paramour, under Section 8695, accrues at the time the gift or conveyance takes effect, Williams v. Halford, supra, and in determining whether the gift is in excess of one-fourth part of the donor's estate, the time of valuation is when the gift takes effect in possession. Bradley v. Lowry, supra. In this case the gift took effect when the policies were executed and delivered. At that time Bynum had no lawful wife and since the statute is limited to gifts made by a person then having a living wife the statute would seem to have no application here.

The interpretation of these statutes must be controlled by the decisions of the South Carolina Supreme Court and since there is no decision of that court on the precise point involved, the question is not free from difficulty. A review of the South Carolina cases dealing with the construction of the statutes has convinced me that, under the circumstances of this case, the same have no application and hence cannot affect the right of the named beneficiary to receive the proceeds of the policies.

A decree has been entered accordingly for the payment of the fund in court, less expenses and counsel fees to be duly allowed to the Insurance Company, to Mary Lois Williams Lindsey.