16080

WHITE *ET AL.* v. WHITE *ET AL.*

(48 S. E. (2d) 189)

442

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, for Appellants,

*Messrs. McEachin & Townsend,* of Florence, for Respondents,

May 14, 1948.

TAYLOR, J.: This action was commenced on or about the 4th day of March, 1947, for the settlement of the estate, and partition of real estate of Sam White, colored, who died on February 13, 1947. The appellant, Lula White, is the lawful widow of Sam White, and the appellant Edward White is his lawful son, and the other appellants are the children of Henry Cleveland White, a lawful son of Sam White, who predeceased him. The respondents are the bigamous spouse and illegitimate children of Sam White, begotten of her.

Sam White left a will, dated June 29, 1946, which was duly admitted to probate in the office of the Probate Court for Florence County. It purports to devise one of the lots of land owned by him "to my daughter Julia Mae White in fee simple"; and also purports to devise the other lot of land owned by him "to my daughter Gurlena White in fee simple." And the will also purports to give all of his personal property, "unto my wife, Gurlena White, and my children, John White, James White, Corine White, Boyd White and George White, share and share alike." The will appoints Julia Mae White executrix thereof.

The alleged wife of the testator named in the will as Gurlena White, but referred to hereinafter as Gurlena Grant White, was not his lawful wife, but a woman with whom he lived in adultery, and the children mentioned in the will are not his lawful children, but are his illegitimate children, and Gurlena Grant White is their mother, there being another illegitimate child born after the will was executed, to wit: David White. It is thus apparent that the will purports to give all the property of the testator, real and personal, to the woman with whom he lived in adultery and his bastard children, in violation of the provisions of Sections 8695 and 8927, Code 1942; and hence his lawful wife, the appellant, Lula White, and his lawful son, the appellant Edward White, seek by this action to have the Court declare null

and void all gifts, devises and bequests to the extent provided by the statutory laws above mentioned.

Lula White was adjudged to be the lawful widow of Sam White, deceased, and as such to be the proper person to be appointed administratrix of his personal estate. An appeal to the Circuit Court was taken by Gurlena Grant White and her children mentioned in the will, who are respondents here, which Court affirmed the judgment of the Probate Court, from which there was no appeal.

In addition to the property, real and personal, covered by the will, there were certain insurance policies on the life of Sam White, to which further reference will hereinafter be made. It was agreed by counsel that the Court shall consider and determine whether or not these policies, or any of them, should be deemed gifts by Sam White to the beneficiaries thereof, and to whom the proceeds of such policies legally belong.

The first question raised by the exceptions is the correctness of the decision of the lower Court holding that the appellants Lula White and Edward White are each entitled to an undivided one-fourth ($\frac{1}{4}$) interest in the Estate of Sam White, and the other half interest passes under the terms of his Will. Sections 8695 and 8927 of the Code of Laws, 1942, must be construed in arriving at a decision of this question. It is, in substance, thereby provided that no man having "a wife or lawful children of his own living shall give, by deed or will or otherwise, more than one-fourth of the real, clear value of his estate, real or personal after payment of his debts" to his mistress or to his bastard child or children, and that such "deed or gifts, conveyance, legacy or devise made, or hereafter to be made, shall be null and void, only in favor of wife and legitimate children, for so much of the amount or value thereof as shall or may exceed such fourth part of his real and personal estate."

It is plain from the language of the statute that a gift or devise to a mistress or illegitimate children is not absolutely void, but only voidable at the election of the wife or legitimate children. It follows that the children of the predeceased son of Sam White, Henry Cleveland White, have no legal standing to avoid the gift made by Sam White to his illegitimate children and their mother. However, Lula White, the lawful widow, and Edward White, the lawful son, are entitled to have the gift or devise in excess of one-fourth of the estate declared to be null and void.

In cases of this kind where a man gives by will, deed or otherwise his entire estate to his adulterous wife, and illegitimate children, he dies intestate as to three-fourths of his estate when the lawful wife and legitimate children seek to invoke their rights under the sections of the Code above referred to. *Breithaupt v. Bauskett,* 1 Rich. Eq. 465.

We do not concur in the reasoning of the Circuit Judge that, after declaring null and void in excess of one-fourth, the paramour and illegitimate children can and should take the part of the estate which the children of Henry Cleveland White would take under the statute of distributions. On the contrary, it is our view that when, at the instance of those named in the statutes who can, under the Statutes of Distribution, absorb the entire three-fourths of the intestate estate, such a gift is void except as to one-fourth of the estate; the remaining three-fourths being subject to distribution as provided by law upon intestacy. In this case, the lawful widow and legitimate son have invoked the provisions of Sections 8695 and 8927 of the 1942 Code and the adulterous widow of Sam White and his illegitimate children are thereby precluded from obtaining any more than one-fourth of his estate.

We note that exception one of the appellants imputes error to the Circuit Judge in not holding that the appellants were entitled to three-fourths of the prop-

erty bequeathed and devised by the testator, in that, under the sections of the Code above referred to, the lawful wife and legitimate son are entitled to three-fourths of the property bequeathed and devised by the testator under his will to his adulterous wife and illegitimate children. As between the heirs of Sam White there seems to be no controversy, and as to the division of the three-fourths of the estate between his lawful heirs the respondents cannot interpose any objections. We think that it is good equity that all of the heirs obtain the benefit of the declaration of illegitimacy accomplished at the instance of the lawful widow and legitimate son, from which it follows that the widow, Lula White, of the three-fourths, would receive an undivided one-third; Edward White, the lawful son, an undivided one-third and the children of the predeceased son, Henry Cleveland White, together, the remaining one-third, in equal parts.

The distinguished Circuit Judge based his decision on this particular question on the case of *Williams v. Newton,* 86 S. C. 248, 68 S. E. 693. In that case, Frank Williams' lawful wife lived in West Virginia, and one child was born to them, who died prior to his death. Frank Williams had an illegitimate son by the name of Frank Quick, and he attempted to give certain of his property to a trustee for his use and benefit. The decedent left no lawful children surviving him. The suit was brought by his West Virginia wife against R. C. Newton, the substituted trustee and executor, and Frank Quick, and William Williams, his brother. The Court held that the widow was entitled to one-half of three-fourths of Frank Williams' estate, which amounted to three-eighths; and the remaining five-eighths should be disposed of in accordance with the decedent's will. There was no child of the decedent, who could claim any part of the estate. There was no one other than the widow who could take advantage of the illegality of the devise and bequests under the sections of the Code above referred to. The widow received under the statutes of distribution the greatest

amount which it was possible for her to obtain. In this case there is a lawful widow and legitimate son, who are invoking the provisions of Sections 8695 and 8927 of the Code, and they can inherit the whole of the three-fourths of intestate's estate, as provided by the statutes of distribution. There is quite a difference in the facts in the *Williams v. Newton* and instant case.

There are thirteen exceptions set forth in the report of the *Williams v Newton case,* none of which imputes error to the Circuit Judge in allowing the illegitimate son five-eighths of the decedent's estate. There were no grandchildren who were parties to that proceeding. There was a brother who apparently wished to uphold the trust deed, and he held an interest thereunder by virtue of the testator's will. The subject matter quoted in Judge Lide's decree on this particular point is from the Circuit Judge's decree in that case, and it was not passed on by this Court. Therefore, there is no principle of law announced in the *Williams v. Newton case* which is contrary to our views set forth above.

Sam White had three policies of insurance on his life, one in the Atlantic Coast Life Insurance Company for Two Hundred ($200.00) Dollars, about which there is no controversy; one in the Atlantic Coast Line Railroad Relief Department for Five Hundred ($500.00) Dollars; and the third in the Brotherhood of Railway Clerks Auxiliary Lodge No. 686 for Three Hundred ($300.00) Dollars; and in all of the policies his illegitimate daughter, Julia Mae White, is named as beneficiary. It is contended in behalf of the beneficiary, that these policies do not come within the terms of Sections 8695 and 8927; but the appellants take a contrary position with respect to the latter two policies.

The language of Sections 8695 and 8927 is quite comprehensive as to the method of the gift, but limits the prop-

erty covered thereby to the *estate* of the decedent. Section 8695 provides:

"* * * shall give, or settle, or convey, either in trust or by direct conveyances, by deed or gift, legacy, devise, or by any other ways or means whatsoever, for the use and benefit of the said woman with whom he lives in adultery, or of his bastard child or children, any larger or greater proportion of the real clear value *of his estate, real or personal, after payment of his debts, than one-fourth part thereof,* * * *" (Emphasis added.)

When consideration is given to the language of the section above quoted and that of the companion section 8927, in the light of the legislative purpose of these enactments, it seems to us that the statutes plainly contemplate affecting only such property as would constitute a part of the decedent's estate.

We do not think that the proceeds of life insurance belong to an estate, where some person is designated in the policies as beneficiary. The proceeds of the policies in question, therefore, cannot be termed as constituting any part of Sam White's estate. Indeed, we do not think that the issuance of a policy of insurance at the instance and request of the insured, where the policy designates some person as beneficiary, constitutes a gift as contemplated by the statutes above referred to. See *Bynum v. Prudential Ins. Co. et al.,* D. C., 77 F. Supp. 56.

We are of the opinion that Judge Lide committed no error in holding that the appellants are not entitled to any part of the proceeds arising from the insurance policies; and his order, with respect to the insurance policies, is hereby affirmed, but as to estate property, exception No. 1 is sustained, and the cause is remanded to the Circuit Court for the carrying out of the views herein expressed.

Modified.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.