CHASEZ, Judge.
This is a concursus proceeding filed by The Mutual Life Insurance Company of New York to settle conflicting claims to the proceeds of a group life insurance policy issued on the life of Lindsey McGee. The claimants are Mrs. Louvenia Thomas, the beneficiary named in the policy, Holly McGee, widow of Lindsey McGee and Leonard R. McGee, forced heir of Lindsey McGee.
Mrs. Thomas, on motion for summary judgment, was granted judgment by the *896 trial court entitling her to the proceeds of the group life insurance policy. Holly McGee and Leonard McGee suspensively appeal from this judgment.
The appellants’ whole case is based on LSA-R.S. 22:649:
“A. A policy of group life insurance or the proceeds thereof payable to the individual insured or to beneficiary thereunder, shall not be liable, either before or after payment, to be applied to any legal or equitable process to pay any liability of any person having a right under the policy. The proceeds thereof, when not made payable to a named beneficiary or to a third person pursuant to a facility-of-payment clause, shall not constitute a part of the estate of the individual insured for the payment of his debts.”
and LSA-R.S. 22:647:
“A. The lawful beneficiary, as-signee, or payee, including the insured’s estate, of a life insurance policy or endowment policy, heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the policy or the estate of either, and against the heirs and legatees of either such person, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use.”
The contention of appellants is that LSA-R.S. 22:647 grants the proceeds of a life policy to the beneficiary against the creditors, representatives, heirs and legatees of the insured and exempts the proceeds once in the hands of the beneficiary from his debts; LSA-R.S. 22:649 only exempts the group life policy and proceeds from legal and equitable process to pay any liability of any person having a right under the policy; therefore, the Legislature intended to allow legal and forced heirs the right to attack group policies payable to a named beneficiary while prohibiting attack by legal and forced heirs on regular life policies payable to a named beneficiary. This argument is without merit. Group life insurance is a category of regular life insurance. Thus the statutes relating to group life insurance do not stand alone but must be read with general statutes relating to life insurance. What has not been provided for in statutes relating specifically to group life insurance may apply to it by virtue of a statute relating to life insurance in general. Thus since the group life insurance exemption statute does not explicitly preclude legal and forced heirs from attacking the proceeds it does not necessarily follow that they may attack the proceeds of the policy.
LSA-R.S. 22:649 refers to any person who has “a right under the policy” and does not define who has this “right”. For ascertainment of who has a right under the policy it is necessary to look to LSA-R.S. 22:647 and conclude that the named beneficiary has a right against the heirs and legatees of the insured to the proceeds of the policy. LSA-R.S. 22:649 therefore does not allow an attack by heirs on the proceeds of a group life policy when made payable to a named beneficiary.
Furthermore, it has been hornbook law in Louisiana for many years that the beneficiaries of an insurance policy prevail over all because insurance is sui generis and not subject to the codal restrictions relative to donations. See Sizeler v. Sizeler, 170 La. 128, 127 So. 388 (1930); Succession of Rockvoan, 141 So.2d 438 (La.App.1962). This rule has likewise been applied to group life insurance policies. Prudential Ins. Co. of America v. Taylor, 46 F.Supp. 115 (W.D.La.1942); see also Williams v. Equitable Life Assur. Soc., 57 So.2d 600 (La.App.1952).
*897 The law has been unchanged by the above statutes and the argument presented by appellants is untenable. A beneficiary of a group life insurance policy is entitled to the proceeds as a matter of contract just as a beneficiary of a normal life policy.
For the above reasons, the judgment of the trial court is affirmed. All costs to be borne by appellants.
Affirmed.