## 20586

Othella D. WILLIFORD, Appellant, v. Johnnie Maude S. DOWNS, J. Furman Gerrard, Administrator, with the Will Annexed, d/b/n, of the Estate of Press Williford, Preston Williford, and all persons unknown, including unknown minors over and under the age of fourteen (14) years and unknown persons *Non Compos Mentis* who are Heirs at Law of Press Williford and any and all other persons whomsoever Claiming any Right, Title, Estate, Interest In or Lien Upon the Real Estate Described in the Complaint herein, of whom, Johnnie Maude S. Downs is, Respondent.

(240 S. E. (2d) 654)

*Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, *for Appellant,*

*John C. Pracht, Jr.,* and *J. Michael Galloway* of *Gamble & Galloway,* Anderson, *for Respondent,* 

January 18, 1978.

LEWIS, Chief Justice.

The question to be decided concerns the right of respondent, an alleged illegitimate, to inherit a remainder interest in real property devised to her under the will of her father.

The late Press Williford devised a life estate in a 97 acre tract of land in Anderson County to his wife, the appellant Othella D. Williford, and the remainder interest to his daughter, the sole respondent herein. The devise referred to respondent as the testator's "adopted daughter." Appellant instituted this action to limit the interest of respondent in the property to no more than one-fourth (¼), asserting that respondent was the illegitimate daughter of the testator and that her right to inherit was governed by Section 21-7-480 of the 1976 Code of Laws. Since we find the statute inapplicable in any event, it becomes unnecessary to determine whether or not respondent is illegitimate, as contended by appellant. Section 21-7-480 provides:

If any person who is an inhabitant of this State or who has any estate therein shall beget any bastard child or shall live in adultery with a woman, *such person having a wife or lawful children of his own living,* and shall give, by legacy or devise, for the use and benefit of the woman with whom he lives in adultery or of his bastard child or children, any larger or greater proportion of the real clear value of his estate, real or personal, after paying of his debts than one-fourth part thereof, such legacy or devise shall be null and void for so much of the amount or value thereof as shall or may exceed such fourth part of his real and personal estate. (Emphasis added.)

It is undisputed that respondent was born prior to the marriage of appellant and the deceased. Based upon that fact, the trial judge concluded:

[S]ince the deceased, Press Williford, *did not beget any bastard child while having a wife,* the provisions of [Section 21-7-480] of the Code of Laws of South Carolina could not and do not apply to this devise. (Emphasis added.)

The trial judge correctly construed the statute and upheld the devise to respondent. The provisions of the statute apply to any person who "shall beget any bastard child . . ., such person having a wife or lawful children of his own living." Respondent correctly pointed out that the phrase "such person having a wife or lawful children of his own living" modifies the preceding portion of the sentence reading: "If any person . . . shall beget any bastard child," so that an illegitimate child begotten prior to its father's marriage would not fall within the terms of the statute. In other words, the statute will not apply so as to limit a devise to an illegitimate child, when the testator is not married or has no lawful children at the time the child is begotten.

Appellant argues, however, that the phrase "such person having a wife or lawful children of his own living" applies to conditions existing at the time of the testator's death, and not at the time the illegitimate child is begotten, citing *White v. White,* 212 S. C. 440, 48 S. E. (2d) 189 and *Hull v. Hull,* 2 Strob. Eq. (21 S. C. Eq.) 174. These cases do not sustain appellant's contention. In neither was the court concerned with the present issue. In *White* the illegitimate children were born while the testator had a wife and lawful children, and in *Hull* the court was concerned with whether the recipient of a gift was a woman with whom the donor had lived in adultery.

The order of the lower court is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.